## Sweeney *v.* Urban Redevelopment Authority, Appellant.

Argued October 2, 1967. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

. *M. Victoria Geddis,* with her *Richard W. Kelly,* for
appellant.

*Edward A. Witt,* with him *Witt and DeCello,* for
appellee.

OPINION BY MR. JUSTICE JONES, November 14, 1967:
This appeal arises from an order of the Court of
Common Pleas of Allegheny County granting a new
trial in an eminent domain proceeding wherein the
jury rendered a verdict in favor of the condemnee and
against the condemnor.

Cecelia A. Sweeney (Sweeney) was the owner of
property located in Pittsburgh which on June 9, 1965
was condemned by the Urban Redevelopment Authori-
ty of Pittsburgh (Authority). A board of viewers
awarded Sweeney property damages in the amount of
$21,500. From that award Urban Redevelopment Au-
thority of Pittsburgh appealed to the Common Pleas
Court of Allegheny County and the jury rendered a
verdict in the amount of $15,000 in favor of Sweeney
and against the Authority. Sweeney moved for a new
trial and the court below entered an order granting a
new trial.

In its instructions to the jury the trial court stated: "The burden of proof is on the plaintiff, Miss Sweeney, not only to show the damages which she has shown because her house was taken away but to show its extent as well . . . .

"Now, Miss Sweeney has, as the plaintiff here, has what is known as the burden of proof. Don't you see, the burden of proof is establishing the issue presented by her or advocated by her by the fair weight or preponderance of the credible or believable evidence. Now, that is fancy talk but what does it mean? Well, the fair weight or preponderance of the evidence means evidence which weighed against that which is opposed, has more convincing force so that the greater probability of truth lies therein.

"Now, you have been in other courtrooms I know and maybe the judges have used this example to you in determining what is meant by the burden of proof. Now, you are in civil court, you are not over in criminal court where Perry Mason holds sway and they're always talking about providing something beyond a reasonable doubt, beyond a shadow of a doubt and all of that sort of thing. Forget about that now, you are in a civil court and a civil court says that the plaintiff doesn't have to prove it beyond a reasonable doubt. All that the plaintiff has to do is to have her evidence outweigh the evidence, in quality, than that opposing it. So, visualizing the 'Scales of Justice'—you know those 'Scales of Justice' and after looking at all of the evidence, if you feel that the evidence produced by the plaintiff outweighs that of the defendant, then the plaintiff has met the burden of proof. On the other hand, if the evidence of the defendant outweighs that of the plaintiff, the plaintiff hasn't met the burden of proof, and finally if the scales are equally balanced then, of course, the plaintiff having the burden, has not met the burden of proof. You weigh the evidence in

quality rather than in quantity although quantitative evidence should not be disregarded if it comes from the lips of competent and believable witnesses. . . ." To these instructions no special exception was taken by the Authority's counsel, although a general exception was taken to the charge as a whole. Subsequent to the jury verdict and before resolution of the motion for a new trial, our Court handed down its opinion in *Morrissey v. Department of Highways,* 424 Pa. 87, 225 A. 2d 895 (1967). The court below assigned as its sole reason for the grant of a new trial that the "type of instruction [given by the trial court] is now outlawed by Morrissey."

We believe that the court below inadvertently misinterpreted the thrust of *Morrissey.* In *Morrissey,* the condemnor produced two expert witnesses who testified as to their opinion of the damages arising from the condemnation and the court below in *Morrissey* instructed the jury that the condemnee had the burden of proving, by a fair preponderance of the credible evidence, that the condemnee's damages were greater than the damages testified to by the condemnor's two expert witnesses. In short, the trial court, as we said, "placed its imprimatur of approval on the convincing nature and believability of the Commonwealth's opinion evidence and then required the condemnees to prove that the damages were greater than testified to by the Commonwealth's experts." The effect of the charge in *Morrissey* was to deprive the jury of its right to pass upon the weight to be given to the testimony of the condemnor's experts and constituted an invasion of the function of the jury.

In the case at bar, the trial court did not take from the jury its function of passing upon the weight of the Authority's testimony and in its instructions did not place any imprimatur of approval on the believability of the Authority's opinion evidence. We believe that,

under the circumstances, the trial court's instructions were proper and in nowise offended the *Morrissey* rule.

In view of the conclusion reached, we need not consider whether the alleged error was so fundamental as to obviate the necessity of a special exception by the Authority to the instructions.

Order reversed.