411 A.2d 497

**COMMONWEALTH of Pennsylvania**

v.

**David THORPE, Appellant.**

Superior Court of Pennsylvania.

Argued July 23, 1979.

Filed Sept. 21, 1979.

---

Mitchell S. Lipschutz, Philadelphia, for appellant.

William P. Boland, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

O'BRIEN, Judge:

Appellant, David Thorpe, was convicted in a non-jury trial of voluntary manslaughter, possession of instruments of crime and possession of a prohibited offensive weapon.

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

Post-verdict motions were denied and appellant was sentenced to two and one-half to ten years imprisonment for the manslaughter conviction with a consecutive three year probationary period for the weapons offenses. Following a petition to reconsider the sentence, the original sentence was vacated and appellant was sentenced to two and one-half to five years in the County Prison Work Release Program with a consecutive five year probationary program for the weapons offenses. This appeal followed.

The facts surrounding this criminal incident are as follows. On April 20, 1976, Philadelphia Police responded to a radio call and found the victim, Paul Williamson, lying at the corner of 39th and Brown with a large, gaping hole in his chest. The victim was transported to Presbyterian Hospital where he was pronounced dead on arrival. A post mortem examination revealed the cause of death to be a shotgun wound to the chest.

Paul Fisher, a Commonwealth witness, testified that on the date in question, he was with the victim when appellant approached. A short discussion ensued, and appellant walked away. Fisher walked into a store while the victim remained on the corner of 39th and Union. Approximately five minutes later, Fisher heard a gunshot from the direction of 39th and Brown. As he ran toward that location, Fisher saw appellant walking away carrying an object by the side of his leg. Fisher found the victim lying on the ground; the victim stated, "David shot me."

Another witness, David Carson, testified he was sitting on the porch of his residence at 3938 Brown Street. He saw appellant walk by twice, carrying an object wrapped in a towel. Carson evidently saw appellant approach the victim, remove the towel from a shotgun, and shoot the victim in the chest. After the victim collapsed, Carson saw appellant run into his (appellant's) house still carrying the shotgun.

At trial, appellant offered evidence to show prior incidents in which the victim or the victim's friends had either assaulted or threatened appellant.

▮ Appellant first argues that the evidence presented at trial was insufficient to sustain his convictions. His argument is based on various inconsistencies in the testimony of the Commonwealth's witnesses. In *Commonwealth v. Tate*, 485 Pa. 180, 182, 401 A.2d 353, 354 (1979), the Court stated:

"To evaluate the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and all reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the evidence. *Commonwealth v. Yost*, 478 Pa. 327, 386 A.2d 956 (1978)."

Applying this oft-quoted standard, there was clearly sufficient evidence to sustain appellant's convictions.

▮ Appellant next argues that the court below erred in refusing to grant defense counsel's request for a bill of particulars. Said request would have provided counsel with a list of the names and addresses of the Commonwealth witnesses.

In *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975), the court reviewed the propriety of a trial court's refusal to grant a motion for a bill of particulars. There, the court held that said request actually amounted to a request for discovery. We hold likewise in the instant case. As such, a request for discovery was governed by Pa.R. Crim.P. 310, which stated:

"All applications of a defendant for pretrial discovery and inspection shall be made not less than five days prior to the scheduled date of trial. The court may order the attorney for the Commonwealth to permit the defendant or his attorney, and such persons as are necessary to assist him, to inspect and copy or photograph *any written confessions and written statements made by the defendant.*

*No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons.* The order shall specify the time, place and manner of making discovery or inspection and may prescribe such terms and conditions as are necessary and proper. In no event, however, shall the court order pretrial discovery or inspection of written statements of witnesses in the possession of the Commonwealth." (Emphasis added.)[1]

Since appellant failed to show "exceptional circumstances and compelling reasons" for discovery of the Commonwealth's witnesses, his request was properly denied.

■ Appellant next alleges that the court below erred in refusing to suppress the shotgun used in the slaying. At the time of appellant's arrest, police informed appellant and his mother of his rights available under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant then waived those rights.[2] Appellant's mother also informed police they could search the house, but police chose to forego a search at that time. While police were transporting appellant to the Police Administration Building, they asked appellant about the shotgun used in the slaying. Appellant informed police he would turn over the weapon if they would return to his house. Once at the house, appellant asked police to help him move a dog house located in his backyard. When no gun was found, appellant, outside the presence of the officers, spoke to a young man in his house. Appellant then took police to the third floor where the weapon was recovered.[3]

1. Our rules concerning pretrial discovery have since been expanded. See Pa.R.Crim.P. 305 (effective January 1, 1978).

2. Appellant, a juvenile at the time of the slaying, does not allege a violation of his rights as set forth in *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975) and its progeny.

3. After recovery of the weapon, appellant was taken to police headquarters where he confessed to the shooting. In light of conflicting testimony, the suppression court held that the Commonwealth has failed to prove a valid waiver of *Miranda* rights before taking the statement. While suppressing appellant's statement, the court spe-

In discussing the applicable standard of review for judging the correctness of a suppression court's ruling, the Court stated in *Commonwealth v. Starks*, 484 Pa. 399, 403, 399 A.2d 353, 355 (1979):

" ' . . . Our responsibility on review is "to determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings." *Commonwealth v. Goodwin*, supra, 460 Pa. [516] at 521, 333 A.2d [892] at 895; see *Commonwealth v. Bundy*, 458 Pa. 240, 328 A.2d 517 (1974). In making this determination, this Court will consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. See *Culombe v. Connecticut*, supra, 367 U.S. [568] at 604, 81 S.Ct. [1860] at 1878, [6 L.Ed.2d 1037;] *Commonwealth v. Goodwin*, supra, 460 Pa. at 521, 333 A.2d at 895; *Commonwealth ex rel. Butler v. Rundle*, supra, 429 Pa. [141] at 149–50, 239 A.2d at [426] 430.' *Commonwealth v. Kichline*, 468 Pa. 265, 280–81, 361 A.2d 282, 290 (1976)."

In the instant case, the suppression court's findings that appellant was advised of his rights, which he waived before turning over the shotgun are adequately supported by the record. Appellant's argument is thus without merit.

■ Appellant next argues that the court erred in admitting into evidence certain black and white photographs of the crime scene. Appellant argues that the photos were admitted to show the lighting conditions of the scene and since they were taken with a flash, said pictures were misleading.

In *Commonwealth v. Petrakovich*, 459 Pa. 511, 329 A.2d 844 (1974), the Court held that as long as photographs are relevant, they may be admitted as long as the probative value outweighs any prejudicial effect. In the instant case, the photos showed various landmarks which were included in

cifically held that the waiver of *Miranda* rights at the time of arrest was effective.

the trial testimony. Further, as simply depicting the crime scene, the pictures are in no way prejudicial. Also, since appellant was tried without a jury, the trial court's opinion, which states that the court realized the lighting was not the same, because of the use of a flash, as at the time of the crime, negates appellant's claim of prejudice. Appellant's allegation of error is meritless.

■ Appellant next argues the trial court erred in refusing to strike an allegedly non-responsive answer by a Commonwealth witness to a question posed by defense counsel on cross-examination. When cross-examining the police officer who recovered the shotgun, defense counsel asked:

"Q. But when he first came in he directed you to the dog house?

"A. That's correct.

(Brief pause)

In fact, he told me that's where he put [the weapon], but it wasn't there now."

Counsel objected and requested that the answer be stricken. The court, however, refused to strike the answer, stating that "You're asking how he came about it." As we believe the answer was responsive to the question posed, we find no merit in appellant's allegation of error.

Appellant finally argues that the court erred in permitting allegedly prejudicial cross-examination of appellant and his mother. Specifically, he alleges the court erred in allowing the prosecutor to question both parties as to whether they made reports to police about prior assaults on appellant by the victim.

■ A court must allow great latitude as to the scope of cross-examination. *Commonwealth v. Lopinson*, 427 Pa. 284, 294, 234 A.2d 552, 556 (1967). As part of his defense, appellant attempted to mitigate the degree of guilt by showing that he had been the victim of numerous assaults at the hands of the decedent. The prosecutor was thus acting reasonably in questioning appellant and his mother as to whether they had reported these incidents to police. As we

can perceive no undue prejudice resulting from the questioning, we believe appellant's claim is totally without merit.

Judgment of sentence affirmed.