David Fink and Tobi Fink, his wife, Appellants *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 2, 1984, before Judges ROGERS, PAL-LADINO and BARBIERI, sitting as a panel of three.

*Thomas J. Dempsey,* with him, *Harry P. O'Neill, Epstein, O'Neill & Utan,* for appellants.

*John V. Rovinsky,* Assistant Counsel, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BARBIERI, September 24, 1984:

David and Tobi Fink, appellants in this eminent domain case, (Appellants), appeal here an order of the Court of Common Pleas of Lackawanna County which dismissed their post-trial motion for a new trial after a jury verdict of $149,600.00 for property taken by the Commonwealth of Pennsylvania Department of Transportation (PennDOT). We affirm.

On January 18, 1973, a declaration of taking was filed by the Commonwealth for 8.39 acres of land, with the improvements thereon, owned by the appellants. When the parties could not agree on the just compensation for this taking, Appellants petitioned for appointment of a Board of Viewers. On February 4, 1980, after a hearing, the Viewers awarded Appellants $232,000.00 plus $500.00 for attorney and appraiser fees. Both Appellants and PennDOT appealed and a jury trial in the court of common pleas, including a view of the condemned property, resulted in a verdict for Appellants for $149,600. Appellants' motion for a new trial was denied by order on September 23, 1982, and the present appeal followed.

On appeal from a trial court decision in an eminent domain case, this Court's scope of review is limited to determining whether the court below abused its discretion or committed an error of law. *Pidstawski v. South Whitehall Township*, 33 Pa. Commonwealth Ct. 162, 380 A.2d 1322 (1977). Appellants allege seven grounds upon which they contend the common pleas court should have granted a new trial. We will address them seriatim.

Appellants' first contention is that a new trial should have been granted since the jury considered a fact not in evidence. At the conclusion of the trial in this case, Appellants, by way of affidavits, solicited statements from eight of the twelve jurors who sat in this case. Based on these statements, Appellants assert that the jurors accepted as a fact, not in evidence, that PennDOT had paid Appellants $103,000.00 for their house and land and that their verdict only represents an award for other elements of damage. Appellants therefore assert that the true verdict of the jury should have been $252,600.00, the sum of the jury's award plus $103,000.00 representing an amount for their house and land. Additionally, Appellants con-

tend, based upon the affidavits, that a new trial should be granted since the jury foreman refused to obtain another verdict slip at the request of several jurors. The common pleas court, citing *Pittsburgh National Bank v. Mutual Life Insurance Company,* 493 Pa. 96, 425 A.2d 383 (1981), rejected such contentions upon its conclusion that the appellants were impermissibly attempting to impeach the verdict of the jury. We agree.

The Pennsylvania rule, adhered to by a majority of jurisdictions, is that a juror is incompetent to testify as to what occurred during deliberations in a jury room, *Pittsburgh National Bank,* since sound policy reasons dictate that a jury's deliberations be held inviolable. *See Friedman v. Ralph Brothers, Inc.,* 314 Pa. 247, 171 A. 900 (1934). To this rule, however, exists one narrow exception "allowing post-trial testimony of extraneous influences which might have affected [prejudiced] the jury during their deliberations." *Pittsburgh National Bank,* quoting from *Commonwealth v. Sero,* 478 Pa. 440, 448, 387 A.2d 63, 67 (1981). This rule was established to accommodate the belief that a person be judged by an impartial and indifferent jury of his peers. *Sero.* This exception however, only permits a discharged juror to testify as to what the outside influence was, and does not permit a juror to testify as to the effect this influence may have had on their deliberations. *Pittsburgh National Bank,* citing *Commonwealth v. Zlatovich,* 440 Pa. 388, 369 A.2d 469 (1970). In the present case, Appellants assert that "it is obvious . . . that the jury did in fact consider some matter not in evidence before it. The jury considered that $103,000.00 had been paid by PennDOT to the Finks for their house and the land taken." While Appellants make this statement, they have not established, or even alleged, what if any, outside influence was considered by the jury which al-

legedly led them to conclude that $103,000.00 had been paid to Appellants. Absent any evidence that the jury was affected by some outside influence, we must reject Appellants' contention, since it would necessarily require us to impermissibly inquire into the jury's deliberative process. Similarly, we conclude that Appellants' contention regarding the foreman's alleged conduct cannot also be addressed. We do note, however, that at the close of the trial in this case, the jury was polled in open court and all but one of the jurors expressed agreement with the verdict as stated by the foreman "in the sum of $149,600."

Appellants next contend that a new trial should have been granted since the jury's verdict of $149,-600.00 is against the weight of the evidence, grossly inadequate, and causes substantial prejudice and harm to Appellants. In support of this argument Appellants assert that the jury's verdict only represented the total of their costs to cure and included nothing for their land and house. In rejecting this argument, the common pleas court examined the record, noted that the PennDOT's expert witness assessed damages at $93,300.00; that Appellants' expert witness assessed damages at $393,900.00, and concluded, citing *Billings v. Upper Merion Township Authority*, 44 Pa. Commonwealth Ct. 622, 405 A.2d 967 (1979), that a new trial should not be granted since the record supported the jury's valuation, and that, therefore, their verdict was not against the weight of the evidence. We agree. This Court has held that where a jury's verdict falls well within the range of the testimony on value, as it does here, it is improper to grant a new trial. *Lorenzo v. Redevelopment Authority of the City of Philadelphia*, 24 Pa. Commonwealth Ct. 593, 358 A.2d 130 (1976). *See also Department of Transportation v. McGuire*, 41 Pa. Commonwealth Ct. 14, 399 A.2d 134 (1979), and *Kopec v. Redevelopment Authority of the*

*City of Hazleton*, 27 Pa. Commonwealth Ct. 515, 367 A.2d 784 (1976).

During the trial of this case, the jury was given the opportunity to view Appellants' house which was subject to condemnation, although Appellants' exercised an option to purchase the house back from PennDOT and relocate it to another part of their land. In the course of cross-examination of PennDOT's real estate expert by Appellants' counsel on the value of Appellants' property, the following ensued: "Q. Was it a nice property? A. Yes, it was. Q. Was it a beautiful home? A. Yes, it was, and still is." Appellants' counsel moved that the last answer be stricken as not responsive. The trial judge denied the motion stating that he did not "think that the witness intended anything other than an honest and direct response" to the question. Appellants contend that the witness' answer that Appellants' home "still is" a beautiful home was highly prejudicial since its obvious effect was to highlight for the jury that Appellants still had their house and that, therefore, the court erred in not striking it from the record. Ordinarily, when an answer is responsive to a question asked by counsel, it is not error for the trial court to refuse to strike the answer. *Commonwealth v. Thorpe*, 270 Pa. Superior Ct. 221, 411 A.2d 497 (1979). In any event, a new trial will not be granted upon the basis that the court refused to strike an answer unless it can be shown that the court abused its discretion and the complaining party's case was prejudiced by its refusal. *Baker v. Commonwealth*, 401 Pa. 512, 165 A.2d 243 (1960). However, every unwise or irrelevant remark does not require a new trial. *Commonwealth v. Palmer*, 463 Pa. 26, 342 A.2d 387 (1975). Indeed, the remark must be of such a nature that it can be said that a person has been deprived of a fair trial. *Id.* In this case, whether or not the witness' answer was strictly responsive to counsel's ques-

tion, we cannot conclude that the trial court abused its discretion in refusing to strike the answer, especially since the jury had the opportunity to view the house and, further, the trial court properly instructed the jury as to how they were to consider Appellants' dwelling.

The first and second of Appellants' last four contentions concern the trial court's refusal to instruct the jury as requested on the issues of just compensation and the fair market value of Appellants' house before condemnation. We have reviewed the record in this case and conclude that the trial court did not err by refusing these two points for charge, since the substance of these requested points was amply covered by the court's charge to the jury.[1] *Duffy v. Na-*

[1] The Appellants' first two points requested for charge and the trial court's charge regarding them were as follows:

REQUEST: 1. Just compensation means the full and perfect equivalent in money of the property taken and of the damage to the property not taken but affected by it so that the owner will be put in as good a position monetarily as he would have occupied if his property had not been taken. (Citations omitted.)

CHARGE: Just compensation, in a case such as this, shall consist of the difference between the fair market value of the plaintiff's entire property, interest immediately before the condemnation and as unaffected by it, and the fair market value of their property which is remaining immediately after this condemnation and as affected by it.

REQUEST: 2. In arriving at your determination of the fair market value of the Plaintiffs' entire property interest as a whole before the taking, you are to include the value of the dwelling of the Plaintiffs. But in arriving at your determination of the fair market value of the Plaintiffs' entire property interest as a whole of what remained after the taking and as affected by it, you are to ignore the existence of the dwelling on the property. You are not to be concerned with it or the means or reasons by and for which it was relocated. Your view of the dwelling was only to assist you in arriving at your before fair market valuation of the entire property.

*tional Janitorial Services, Inc.,* 429 Pa. 334, 240 A.2d 527 (1968), and *Bohner v. Stine,* 316 Pa. Superior Ct. 426, 463 A.2d 438 (1983).

Appellants third point for charge in effect requested that the trial court instruct the jury that they *should* consider the cost of adjustments and other damages in ascertaining just compensation. The trial court's charge on this point was substantially similar to Appellants' request, except that the trial court instructed the jury that they *may* consider these costs in determining just compensation. Appellants contend that the use of the word *may* was error since the jury had the duty to consider these costs in determining just compensation. Just compensation in an eminent domain case is based upon the fair market value of the condemned property before and after condemnation. Section 602 of the Eminent Domain Code.[2] In arriving at fair market value, an evaluation expert may testify to the facts and data used in arriving at his determination, which among others, may include the costs of adjustments and the value of the land together with the cost of replacing and/or reproducing the improvements thereon. Section 705 of the Eminent Domain Code.[3] These costs however, may not be

---

CHARGE: This home was taken in the condemnation, *and is to be considered* in the damages that are to be awarded in this case. That home was in evidence in this case only so that you could see it, and inspect it as it may have been before the condemnation in this case. It was also, in this case, used as a reference point by some of the witnesses. We tell you that the fact that that home is still on that premises is to be disregarded by you in awarding damages; in other words, as if the home was taken and moved away. *That's how you are to consider that home in assessing damages.* (Emphasis added.)

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-602.

[3] 26 P.S. §1-705.

introduced as separate items of damage, but are only admissible so that the jury may determine what effect they had on the expert's determination of fair market value. *Scavo v. Department of Highways,* 439 Pa. 233, 266 A.2d 759 (1970), *Thompson v. Department of Highways,* 214 Pa. Superior Ct. 329, 257 A.2d 639 (1969) and *Regina v. Monroe County,* 319 Pa. 257, 179 A. 36 (1935). While these amounts are admissible, a jury is free to disbelieve them, and is therefore, properly instructed that these amounts *may* be considered in determining the difference in fair market value or just compensation. An instruction charging the jurors that they *must,* as we construe Appellants' argument, consider these values would clearly be improper in light of the foregoing authorities. Of course, a jury cannot be instructed to disregard this evidence, since it too must be weighed along with all the other evidence in the case.

Lastly, Appellants contend that the trial court erred in a statement as to "burden of proof" made in explaining Appellants' right to just compensation. The Court stated, in part, as follows:

> The burden of proof of any claim, of course, is upon the person making that claim, and in this case the plaintiffs are making a claim for just compensation in damages. Both sides have offered evidence as to the extent of that damage. . . . Now, it is up to you to say how much the plaintiffs are entitled to in this case, and the burden of proof is measured by what the law calls the fair weight, or the fair preponderance of the evidence.

Appellants claim error in this portion of the charge based upon the refusal of their fourth point for charge which reads:

> 4. You are to determine the fair market valuation before and after and the just compensa-

tion due the Plaintiffs from all the evidence presented to you. (Redevelopment Authority of the City of Philadelphia v. The United Novelty and Premium Company, Inc., 11 Pa. Commonwealth Court 216, 314 A.2d 553; *Buckeye Coal Company v. Goddard,* 10 Pa. Commonwealth Court 15, 309 A.2d 431—NOTE: These cases establish that the Plaintiffs do not have a burden in eminent domain cases to establish their case by a fair preponderance of the evidence.

We are unable to agree with the legal conclusions drawn from the authorities as noted by Appellants in the above request for charge and in their arguments.[4] In *United Novelty,* relying upon *Morrissey v. Department of Highways,* 424 Pa. 87, 225 A.2d 895 (1967), the ruling was that, as in *Morrissey,* it was error to charge that the condemnee has the "burden of proving that its damages were greater than those testified to by the Authority's [Condemnor's] witness." In *Morrissey,* the error was in charging that the condemnees had the burden to prove that their "damages were greater than what the State says. . . ." Of course, there is no such error in the charge here. Furthermore, in *Morrissey* it is stated: "[t]here is no question that the burden was on the condemnees to prove that by reason of the taking of a portion of their property, the value of their property had been impaired."

---

[4] In *Buckeye Coal Company v. Goddard,* 10 Pa. Commonwealth Ct. 15, 309 A.2d 431 (1973), a case under the Pennsylvania Bituminous Coal Mine Act, Judge ROGERS as a trial Court analogized that case to one in eminent domain stating:

We discern an analogy in Section 517 of the Eminent Domain Code providing that at the trial of an appeal from the report of viewers the condemnee shall be the plaintiff and the condemnor the defendant. In practice, the condemnee presents his case for damages first and the condemnor follows, but the jury is charged simply to determine from all the evidence what the proper award should be.

In *Glider v. Commonwealth, Department of Highways,* 435 Pa. 140, 255 A.2d 542 (1969) it is stated: "[i]n the instant case, the burden of proving damages was on the condemnees, not the condemnor;" and in *Braughler v. Commonwealth,* 388 Pa. 573, 131 A.2d 341 (1957), it is stated:

> The measure of damages to an owner's property in a condemnation proceeding is the difference in its value before and after the taking. It is a simple arithmetic matter of subtraction, but the *burden of proof by the fair weight or preponderance of the evidence, to establish the factors necessary to make the subtraction is upon the land owner.* (Emphasis added.)

In any event, even if the use of the phrase "burden of proof" as that phrase was used in the charge of the Judge in this case could be termed error, it would be inconsequential in light of his correctly charging on just compensation and fair market value after a statement in the charge which, in our view, cleared whatever doubts may have been engendered by the prior statement concerning "burden of proof", as follows:

> *There is no issue in this case about the plaintiff-owner's entitlement to damages.* The only disagreement is as to cause, in some instances, the extent, and how much the damage should be. Since the property owner is to receive just compensation, it's something that the jury must be familiar with before it can arrive at a verdict. (Emphasis added.)

While our research has failed, as Appellants have, to reveal any eminent domain case or authority[5] which directly supports a charge of error in mentioning bur-

---

[5] In 23 Standard Practice 2d §125.62, it is stated that "[a]t the trial on appeal from a viewers' award, the burden of proving damages is upon the condemnee." *See also* Snitzer, *Pennsylvania Eminent Domain* §517-5.3 (Cum. Supp. 1980).

den of proof, as the Court did in this case, we believe that even if the burden of proof statement was incorrectly included, since this charge as a whole was free from error on the basic issue of just compensation and properly placed before the jury the question of damages caused by the taking, we conclude that no prejudice is demonstrated that would constitute reversible error, calling for a retrial. *See Redevelopment Authority of the City of Philadelphia v. Cohen,* 31 Pa. Commonwealth Ct. 173, 315 A.2d 372 (1977).

ORDER

Now, September 24, 1984, the order of the Court of Common Pleas of Lackawanna County denying the appellants' motion for a new trial is hereby affirmed.