# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clad Management, LLC, Clad Realty, : 
LLC and Clad Realty, LP, :
                    Appellants : 
                          :
               v. : No. 819 C.D. 2016
                          : Submitted: December 30, 2016
Commonwealth of Pennsylvania, :
Department of Transportation :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED: April 3, 2017**

Clad Management, LLC, Clad Realty, LLC, and Clad Realty, LP (collectively, Clad) appeal from the May 17, 2016 Order entering judgment on a jury verdict in Clad's favor in the amount of $2,200,000 for the taking of its property by eminent domain by the Commonwealth of Pennsylvania, Department of Transportation (Department). On appeal, Clad argues that it should be granted a new trial because the jury instructions given by the Court of Common Pleas of York County (common pleas) improperly placed the burden on Clad to prove the amount of just compensation for its property by a preponderance of the evidence, and, by extension, disprove the Department's valuation, and it suffered prejudice as a result. The Department asserts that these arguments are waived for not raising

them before common pleas and, alternatively, that the jury instructions, when taken as a whole, were fair, accurate, and consistent with the law.

It is undisputed that, on November 26, 2013, the Department filed a Declaration of Taking for the property owned by Clad located at 1162 Haines Road, Springettsbury Township, York County, Pennsylvania (Property). (R.R. at 1a-5a.) The Property is 3.241 acres, and was improved with a Budget Host Motel, a commercial building with two tenants, and a miniature golf course leased to another tenant. (Board of Viewers Report, R.R. at 9a-10a.) Following a hearing, an appointed Board of Viewers issued a report and award setting the value of the Property at the time of the taking at $2,500,000, and the Department appealed. (Id. at 9a-16a.)

A jury trial was held from November 18, 2015 to November 20, 2015. Clad presented the report and testimony of an expert valuing the Property at $2,700,000, and the testimony of one of its owners, who set the value of the Property at $3,050,000. (Id. at 113a-230a.) The Department presented the opinion of its expert that the Property's value was $1,969,700. (Id. at 249a-86a.) Clad challenged the Department's expert's valuation based on the expert's use of the hotel expense factor to *all* of the Property's revenue stream. (R.R. at 599a-601a.) When asked what the value would be if it was used against only the hotel's revenue, the expert stated it would increase the value by $235,000. (Id.)

At the close of the evidence, common pleas charged the jury with multiple instructions regarding the jurors' obligations to determine the facts of the case, the credibility of the witnesses and evidence presented, and, ultimately, the fair market value of the Property just prior to its condemnation.[1] (Id. at 487a-500a, 506a-07a.)

---

[1] Common pleas' jury instructions span more than 13 pages of the transcript.

Common pleas explained what "fair market value" is and that, in making its determination, the jury did not have to accept the valuations given by the experts in their entirety, but could come up with its own valuation based on the record evidence. (Id. at 490a, 506a.) Clad asserts that it objected to the following instruction:

Now, under the law in a civil case, I mentioned earlier to you that [Clad] has the burden of proving its claims. This is not a criminal case. It is a civil case. The burden of proof in a civil case is different from the burden of proof in a criminal case. In a civil case such as this, the Plaintiff, Clad, must prove its right to - - its claim for damages by what we call preponderance of the evidence. That means it is more likely true than not, and I talked to you about the balance scale concept. You are going to put evidence that you find favorable to Clad with regard to the fair market value in one pan and the evidence that you find favorable to the [Department] in the other pan, and if that pan tips even the slightest degree in favor of Clad, they have proved their fair market value. If it stays equally balanced or tips even the slightest degree to [the Department], then they have proved the fair market value.

(Id. at 490a-91a.) Common pleas then stated:

There's no burden on Clad in this case to prove that a taking occurred. That's been admitted, and there is no burden that they prove that they were injured or harmed or damaged by the taking. That's admitted too. The dispute we have here is the amount of damages to be awarded. Both sides have offered evidence as to the fair market value of the property as of November 26, 2013, and it is up to you to decide how much Clad should be awarded for that taking.

(Id.)[2] Following deliberation, the jury returned with a verdict in the amount of $2,200,000. Clad filed a Motion for Post-Trial Relief seeking a new trial, (R.R. at

_____

[2] In a side bar, the following exchange occurred:

*(Continued…)*

3

481a-84a), but no ruling was issued on those motions within the time prescribed by Rule 227.4(1)(b) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 227.4(1)(b) (setting forth the time period after which post-trial motions are deemed denied if the court does not issue an order disposing of the motions), and, thus, were deemed denied. Clad filed a praecipe for judgment, and the York County Prothonotary (Prothonotary) entered notice of judgment by Order dated May 17, 2016.

Clad appealed and common pleas, in an order docketed on May 25, 2016, directed Clad to file a Concise Statement of Errors Complained of on Appeal

---

[Clad's counsel]: With respect to the burden charge, I think you may have just flipped exactly what it was. We do not have the burden to prove the extent of our damages.

The Court: That's what I said.

[Clad's counsel]: Maybe then I misheard.

The Court: I will tell you what I said. Said there is no burden on Clad to prove that the taking occurred or the damages resulted. Clad must prove by [a] preponderance of the evidence the amount of damage to which it is entitled.

[Clad's counsel]: Then I misheard I apologize.

(R.R. at 501a.) Subsequently, Clad objected as follows:

[Clad's counsel]: One other thing. I understand you have addressed the issue. I just want to preserve the point that our view of the matter is we do not have the responsibility to prove that our number is more likely credible than the [Department's], and again I believe that was the substance of your charge.

The Court: Well, see I - - and I think when I told the jury that both of you have produced evidence with regard to the fair market value, I think that I covered that.

(Id. at 504a-05a.)

4

pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure (Statement), Pa. R.A.P. 1925(b). (R.R. at 539a.) In its order, common pleas advised Clad that it had to

> strictly comply with Pa.[]R.A.P. 1925(b). [Clad] *shall file of record and serve on the undersigned Judge a Concise Statement* of the errors complained of on appeal (Statement) within twenty-one (21) days from the date of the entry of this Order on the docket of the Prothonotary . . . . *Any issue not properly included in the Statement and timely filed and served* pursuant to Pa.[]R.A.P. 1925(b) shall be *deemed waived.*

(R.R. at 539a-40a (emphasis added).) According to the Docket and the time stamp on the Statement, Clad filed its Statement with the Prothonotary on June 14, 2016. (Id. at 541a-42a; Docket at 1.) In the Statement, Clad challenged the jury instruction referenced above as improperly placing on Clad the "burden of proving the amount of just compensation by a preponderance of the evidence" and that it suffered prejudice due to this error "because the jury returned a verdict equal to the amount of [the Department's] asserted valuation plus the amount by which [Clad] could prove by a preponderance of the evidence that [the Department's] evidence . . . was demonstrably wrong." (R.R. at 541a-42a.)

Common pleas, in its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a), concluded that these issues may be deemed waived because Clad did not serve the Statement upon the trial judge within 21 days of its order for a concise statement and Clad did not request leave to serve it upon the trial judge beyond that time period. (Common pleas 1925(a) op. (Op.) at 2.) Rather, common pleas was not served with the Statement until August

5

10, 2016, after the 21 days had expired.[3]  (Id.)  Common pleas then analyzed Clad's argument that its jury instruction was improper.  Common pleas explained that the instruction used was similar to the one approved by this Court in <u>Fink v. Commonwealth</u>, 482 A.2d 281 (Pa. Cmwlth. 1984), and that, when its instructions were taken as a whole, it was clear to the jury that it was "tasked with determining damages based on the evidence presented" by both parties regarding the fair market value of the Property prior to the condemnation.  (Op. at 2-3.)  Common pleas stated that "it appears from the outcome that the jury was simply persuaded by the evidence produced by the [Department]."  (Id. at 3.)  The matter is now before this Court for disposition.[4]

We first consider whether the appeal must be quashed because Clad untimely served its Statement on the trial judge and, therefore, waived all of the issues raised therein.  Rule 1925 provides, in relevant part, the following:

**(a) Opinion in support of order.**

(1) *General rule*.--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.
. . . .

---

[3] Although common pleas indicated in its opinion that the Statement was not filed until *July* 14, 2016, this appears to be a mistake because both the Docket and the date stamp on the Statement indicate the filing date was *June* 14, 2016.

[4] "Our scope of review regarding a denial of post-trial motions" based on a common pleas court's jury instruction is whether there was an abuse of discretion or an error of law. <u>Johnson v. City of Phila.</u>, 808 A.2d 978, 980 n.1 (Pa. Cmwlth. 2002).

6

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service*.--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.[]R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.[]R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.[]R.A.P. 121(c).

(2) *Time for filing and service*.--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement nunc pro tunc.

(3) *Contents of order*.**--**The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

7

(iv) that <u>any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived</u>.

(4) *Requirements; waiver*.

. . . .

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa. R.A.P. 1925 (underlined emphasis added). "Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file *and serve* a Rule 1925(b) statement, when so ordered." <u>Com. v. Hill</u>, 16 A.3d 484, 494 (Pa. 2011) (emphasis added). "[F]ailure to comply with the minimal requirements of Pa.[]R.A.P. 1925(b) will result in automatic waiver of the issues raised," even where granting relief has equitable appeal. <u>Com. v. Schofield</u>, 888 A.2d 771, 774 (Pa. 2005). The Supreme Court has explained that requiring "a bright-line rule eliminates the potential for the inconsistent results that existed prior to [Commonwealth v.] Lord, [719 A.2d 306 (Pa. 1998),] when trial courts and appellate courts had discretion to address or to waive issues raised in non-compliant Pa.[]R.A.P. 1925(b) statements." <u>Schofield</u>, 888 A.2d at 774. Accordingly, "the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[,] appellants and their counsel are responsible for complying with the Rule's requirements." <u>Hill</u>, 16 A.3d at 494.

In <u>Egan v. Stroudsburg School District</u>, 928 A.2d 400, 402 (Pa. Cmwlth. 2007), we held that, although the appellant timely filed her 1925(b) statement, she did not serve it on the trial judge as directed and, therefore, had waived all of her issues for appellate review. We agreed, in <u>Egan</u>, with the Superior Court's

8

rationale in <u>Forest Highlands Community Association v. Hammer</u>, 879 A.2d 223, 229 (Pa. Super. 2005), that "neither the Rules of Appellate Procedure nor the applicable case law placed the burden of locating an appellant's 1925(b) statement on the trial court." <u>Egan</u>, 928 A.2d at 402. In <u>Commonwealth v. $766.00 U.S. Currency</u>, 948 A.2d 912, 915 (Pa. Cmwlth. 2008), we reiterated that Rule 1925(b) requires that, to preserve issues for appellate review, the 1925(b) statement must be *timely* filed *and served* on the trial judge. This Court held that finding all of the appellant's issues waived for not complying with Rule 1925(b)'s requirements is consistent with "the Supreme Court's commitment to a bright-line rule of waiver for failure to comply with the requirements of Rule 1925." <u>Id.</u>

Common pleas' May 25, 2016 order complied with the requirements of Rule 1925(b)(3) in that it ordered Clad that, within 21 days, it had to "file of record *and serve on the undersigned Judge* a Concise Statement of the errors complained of on appeal" and that "[a]ny issue not properly included in the Statement *and timely filed and served* pursuant to Pa.[] R.A.P. 1925(b) *shall be deemed waived*."[5] (R.R. at 539a (emphasis added).) Although Clad timely filed the Statement with the Prothonotary on June 14, 2016, the trial judge was not served with the Statement until August 10, 2016. (Op. at 2.) August 10, 2016, is 77 days after May 25, 2016, the date common pleas' order directing Clad to file and serve its Statement was

---

[5] Thus, this is not like the situation in <u>Berg v. Nationwide Mutual Insurance Company, Inc.</u>, 6 A.3d 1002 (Pa. 2010) (per curiam). In <u>Berg</u>, the Supreme Court held that the failure to personally serve a 1925(b) statement on the trial judge did not result in the waiver of all of the issues because personal service was attempted, but was thwarted by the prothonotary, and the order directing the appellant to file a 1925(b) statement did not comply with the requirements of Rule 1925(b)(3)(iii) because it did not specifically require that the statement be served on the trial judge or give notice that issues not included in the statement would be waived as required by Rule 1925(b)(3)(iv). <u>Berg</u>, 6 A.3d at 1008-11.

docketed. Thus, the Statement was not served within the 21-day period required by common pleas' order, (R.R. at 539a), and Rule 1925(b)(2). While this matter differs from those where the trial judge was not served with the 1925(b) statement at all, Rule 1925(b) requires *both* filing of the 1925(b) statement and service of that statement on the undersigned judge within the time set forth in the order. The deadlines in Rule 1925(b) are unambiguous and a 1925(b) statement "is either timely or it is not." Tucker v. R.M. Tours, 977 A.2d 1170, 1173 (Pa. 2009). Because an untimely served statement "fail[s] to comply with the minimal requirements of Pa.[]R.A.P. 1925(b)[, it] will result in automatic waiver of the issues raised." Schofield, 888 A.2d at 774.

Clad offers no argument in response to common pleas' determination that all of its issues are deemed waived for Clad's failure to timely serve the trial judge with the Statement and, in fact, Clad's brief makes no reference to its Statement.[6] Clad does not assert that its service on the trial judge was timely, point to any United States Postal Service Form 3817 or other Certificate of Mailing proving that it timely served the trial judge via mail, present any explanation for the untimely service, or request that this Court remand based on good cause as authorized by Rule 1925(c)(2).[7] Applying the bright-line waiver standard for non-compliance with Rule 1925(b) that is consistently enforced by our Supreme Court,

---

[6] The Department similarly does not reference common pleas' determination in this regard. However, common pleas certainly raised the timeliness of the service of the Statement in its 1925(a) opinion and, moreover, "Rule 1925 violations may be raised by the appellate court *sua sponte*." Hill, 16 A.3d at 494.

[7] Rule 1925(c)(2) provides: "Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing nunc pro tunc of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." Pa. R.A.P. 1925(c)(2).

because Clad did not serve the trial judge with its Statement within the 21 days set forth in Rule 1925(b)(2) and the May 25, 2016 order, all of the issues raised therein are waived.[8]

---

[8] Even if we did not quash Clad's appeal or find that Clad's argument was not waived, Clad would not prevail in its appeal. Clad relies on Morrissey v. Commonwealth, Department of Highways, 225 A.2d 895 (Pa. 1967) and Redevelopment Authority of Philadelphia v. United Novelty & Premium Co., Inc., 314 A.2d 553 (Pa. Cmwlth. 1973), to argue that the portion of the jury instruction challenged instructed the jury that Clad had to disprove the Department's valuation evidence and impermissibly infringed upon the jury's fact finding function by crediting the Department's evidence. The jury charge at issue in Morrissey stated that the condemnees had to "prove by a fair preponderance of the credible evidence, that the damages are greater than that which the State's evidence shows." Morrissey, 225 A.2d at 897 (quotation marks omitted). The Supreme Court concluded that the trial judge, based on that instruction, "usurp[ed] the power and function of the jury" by "plac[ing] its imprimatur of approval on the convincing nature and believability of the Commonwealth's opinion evidence." Id. at 899. This prejudiced the condemnees and warranted a new trial. Id. In United Novelty, the jury charge indicated that as between the condemnee's expert and the condemnor's expert, the condemnee had the "duty . . . to show by a preponderance of [the] testimony that [its expert] is right." United Novelty, 314 A.2d at 558 (quotation marks omitted). The trial judge also characterized the condemnee's expert as being "a young man, not with too many years of experience." Id. at 559. This Court held that it was not an abuse of discretion for the trial court to order a new trial based on, *inter alia*, including the misleading jury instructions and comments regarding condemnee's expert witness. Id.

"The correctness and adequacy of a" jury charge must be determined by considering the "entire charge and not just excerpts therefrom." Felix v. Baldwin-Whitehall Sch. Dist., 289 A.2d 788, 790 (Pa. Cmwlth. 1972). "There is no question that the burden [is] on condemnees to prove that, by reason of the taking of a portion of their property, the value of their property has been impaired." Morrissey, 225 A.2d at 897; see also Glider v. Commonwealth, Dep't of Highways, 255 A.2d 542, 545 (Pa. 1969) (stating "[i]n the instant case, the burden of proving damages was on the condemnees, not the condemnor"). A jury instruction is proper and does not offend Morrissey if it does "not take from the jury its function of passing upon the weight of [the condemnor's witness'] testimony [or] in its instruction . . . place any imprimatur of approval on the believability of the [condemnor's] opinion evidence." Sweeney v. Urban Redevelopment Auth. of Pittsburgh, 235 A.2d 143, 144 (Pa. 1967). Similarly, we have held that a jury charge that included a burden of proof statement was not erroneous and, even if it was, the "charge as a whole was free from error on the basic issue of just compensation and properly placed before the jury the question of damages caused by the taking." Fink, 482 A.2d at 300-01.

Reviewing common pleas' jury instruction *in its entirety*, we discern no error. The jury instructions clearly advised the jury that Clad did not have to prove that a taking occurred or that

*(Continued…)*

11

Accordingly, we are constrained to quash Clad's appeal.[9]

_____
**RENÉE COHN JUBELIRER,** Judge

it sustained damages; rather Clad had to prove the extent of those damages by a preponderance of the evidence. (R.R. at 490a-91a.) Common pleas further instructed the jury that it did not have to accept the experts' opinions as to value, but could, in its role as fact finder, review both parties' evidence and come to its own conclusion on the Property's fair market value. (R.R. at 488a, 491a-92a, 494a-95a, 506a.) Finally, common pleas expressly stated that the jury was the only judge of the facts and credibility and that the jury should not think that anything common pleas said or did "was an attempt to indicate what [its] opinion" was because it was up to the jury to decide the matter. (R.R. at 492a-94a, 497a-98a.) Taken as a whole, the challenged jury instruction here did not offend Morrissey or United Novelty.

[9] This Court previously quashed an appeal for failing to timely serve the trial judge with a 1925(b) statement notwithstanding the fact that the statement had been timely filed of record. See Boyle v. Mahoning Dissolution Corp. (Pa. Cmwlth., No. 1021 C.D. 2009, filed Oct. 6, 2009) (quashing an appeal because, notwithstanding the timely filing of a 1925(b) statement, the appellant failed to timely serve the trial judge with that statement within 21 days resulting in the waiver of all of the issues on appeal); 210 Pa. Code § 69.414(a) (An unreported opinion of this Court filed after January 15, 2008, is not precedential but may be considered persuasive).

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clad Management, LLC, Clad Realty,  :
LLC and Clad Realty, LP,  :
               Appellants  :
                                 :
           v.  :   No. 819 C.D. 2016
                                 :
Commonwealth of Pennsylvania,  :
Department of Transportation  :

# **O R D E R**

**NOW**, April 3, 2017, because Clad Management, LLC, Clad Realty, LLC, and Clad Realty, LP did not timely serve its Concise Statement of Errors Complained of on Appeal on the trial judge as required by Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b), there are no issues preserved for appellate review, and the above-captioned appeal is hereby quashed.

_____
**RENÉE COHN JUBELIRER,** Judge