Anthony J. Lorenzo and Rose M. Lorenzo *v*. Redevelopment Authority of the City of Philadelphia, Appellant.

Argued April 8, 1976, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*David S. Winston,* for appellant.

*Leon W. Silverman,* for appellees.

OPINION BY JUDGE WILKINSON, May 25, 1976:

In this eminent domain case, the owners' testimony placed damages at $14,000.00 and the condemnor's expert placed damages at $5,000.00. The Board of View awarded $10,500.00. On appeal, the jury awarded $8,000.00. The lower court awarded a new trial on two grounds, *i.e.,* inadequacy of the verdict, and refusal to admit a written offer from condemnor, prior to condemnation, to purchase the property for $7,700.00. We disagree and must reverse.

This court, with an able opinion by Judge KRAMER, decided *The Gentzel Corporation v. Borough of State College,* 13 Pa. Commonwealth Ct. 116, 318 A.2d 415 (1974), wherein we held that when the verdict falls well within the range of the testimony on value, as it does here, it is reversible error to grant a new trial based on the amount of the verdict. In *Gentzel,* the lower court thought the verdict excessive, though well within the range of testimony and we reversed.

It may be significant that the lower court in its opinion observed that it had been the condemnee who had appealed the $10,500.00 verdict of the Board of View as being inadequate. In this the court was incorrect. It was the condemnor that appealed the $10,500.00 viewers' award as being excessive.

With regard to the trial court's ruling that a written offer of purchase from the condemnor to the condemnee

prior to condemnation at $7,700.00 was inadmissible to contradict its testimony at trial of a value of $5,000.00, this was clearly correct. See *Williams v. Department of Highways*, 423 Pa. 219, 223 A.2d 865 (1966) ; *Rankin v. Phillippe*, 206 Pa. Superior Ct. 27, 211 A.2d 56 (1965).

Finally, although not considered by the court below, appellant presses for a new trial here on the grounds that the court's charge was inadequate on the matter of explaining the meaning of the imminence of condemnation and did not thoroughly explain Section 604 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-604. Appellant brought this to the trial judge's attention at the conclusion of the charge and the trial judge, after indicating at side bar that he thought the charge adequate, agreed to and did elaborate on this point. The record shows the trial judge then asked:

"Gentlemen, is there anything further?

"Mr. Silverman : No, your Honor.

"Mr. Jackson : No, sir."

No exceptions were filed to the charge. Under such circumstances, appellee cannot now assert any alleged inadequacy as a reason for a new trial.

The order of the court below granting a new trial is reversed.

Judge KRAMER did not participate in the decision in this case.