Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Lex R. McGuire and Charlotte E. McGuire, Appellees.

Argued November 3, 1978, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Charles A. Buechel, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General-Chief Counsel, and *Gerald Gornish,* for appellant.

*William K. Eckel,* for appellees.

OPINION BY JUDGE CRAIG, February 28, 1979:

On April 2, 1974, the Commonwealth of Pennsylvania Department of Transportation (PennDOT) condemned 18.46 acres of the McGuires' land for highway purposes. Following a hearing, the board of viewers awarded the McGuires (condemnees) $22,400.00 for the taking of the 18.46 acres and the damages resulting from the landlocking of 9.63 acres.

Both parties appealed the board's award to the Court of Common Pleas. The jury awarded condemnees $14,050.00 in damages from which verdict condemnees filed a motion for a new trial, which the trial court granted. PennDOT has appealed the lower court's order to this court pursuant to Section 402(6)

of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 233, 17 P.S. §211.101 et seq.[1]

We reverse the lower court's order granting condemnees' motion for a new trial and remand to the lower court for reinstatement of the jury verdict.

A motion for new trial is addressed to the discretion of the trial court, based on circumstances of the particular case. A court's action in granting or refusing such a motion will therefore not be reversed by this Court in the absence of a manifest abuse of discretion or a clear error of law. *Gallo v. Redevelopment Authority,* 19 Pa. Commonwealth Ct. 71, 339 A. 2d 165 (1975).

PennDOT contends that the grant of a new trial constituted a clear abuse of discretion because the court's decision was not grounded on any legally or factually sufficient basis. We agree.

The trial court cited four factors for its conclusion that the jury award was inadequate and the grant of a new trial was in order:

1. A disparity existed between the board of viewers' award and the jury award;

2. The jury's assessment of land at $500.00 per acre was in disregard of all of the expert opinions, including condemnor's experts;

3. The jury was confused and baffled by the wide disparity of expert opinions, and therefore lost sight of the vast potential for residential development of the land;

4. The verdict was unsupported by the totality of evidence and the verdict was against the weight of the evidence.

The difference between the board of viewers' award ($22,400.00) and the jury's award ($14,050.00) was

---

[1] This provision was repealed by Section 2(a) of the Judiciary Act Repealer Act of 1978, Act of April 28, 1978, P.L. 202. A similar provision is now found in 42 Pa. C.S. §762.

$8,350.00. Although the amount of the board of viewers' award is not admissible into evidence at a trial de novo from an appeal of the board's award (Section 703(3) of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-703(3)), a trial court may properly consider the amount of the award in a determination of the adequacy of the jury verdict on a motion for a new trial. *Poulos v. Commonwealth*, 438 Pa. 442, 266 A.2d 100 (1970).

However, the amount of the viewers' award is only one factor the trial court should consider and is secondary to a review of the entire evidence presented at trial. *Tinicum Real Estate Holding Corp. v. Department of Transportation*, 480 Pa. 220, 227, 389 A.2d 1034, 1038 (1978). As this Court stated in *Bosniak v. Redevelopment Authority of City of Philadelphia*, 20 Pa. Commonwealth Ct. 291, 298, 341 A.2d 260, 263 (1975), "while a discrepancy between the award of the Board and that of the jury is an appropriate factor for consideration, such a discrepancy does not, by itself, warrant the grant of a new trial." (Footnotes omitted.)

In further support of its opinion that the jury verdict was inadequate, the lower court held that the jury's $500.00[2] per acre damage award was made in total disregard of the experts' testimony.

In *Glider v. Department of Highways*, 435 Pa. 140, 255 A.2d 542 (1969), the Supreme Court reiterated the rule in Pennsylvania: a jury verdict need not conform to the expert's valuation opinions and "may be below the lowest market value testified to by the condemnor's own valuation expert." *Glider, supra*, at 146, 255 A.2d at 545.

However, a review of the expert testimony presented by the parties seems to establish that the jury did

---

[2] The molded verdict totaled $14,045.00.

find the opinion of condemnor's experts persuasive; therefore, we cannot accept the lower court's opinion that the jury award bore no relation to any of the expert opinions.

The respective experts presented opposing views as to the highest and best potential use of the condemned premises, which resulted in a wide range of property valuations and disparity between damage estimates. Condemnees' expert real estate appraisers testified that the highest and best use of the property was future residential development, and they estimated damages for the taking at $43,000.00.

Commonwealth experts, an environmental protection specialist and a registered professional engineer, testified that, in view of difficulties presented by the land's topography, development of the land for residential purposes would be difficult and the costs exorbitant.

Using the market data approach, Commonwealth real estate experts estimated damages at $10,300 and $10,200 respectively, in view of their opinions that the highest and best use of the property was in its continued form as woodland. This Court has previously held that where the verdict falls well within the range of the valuation testimony, it is reversible error to grant a new trial on the amount of the verdict. *Lorenzo v. Redevelopment Authority of the City of Philadelphia*, 24 Pa. Commonwealth Ct. 593, 594, 358 A.2d 130, 131 (1976).

The lower court, in support of its order granting condemnees a new trial, stated:

> It appears from a review of all of the experts' testimony presented to the jury at the time of trial that the jury was not only confused but probably baffled by the disparity of opinions offered by the respective experts. It would also appear that the jury lost sight of the vast po-

tential for residential development of the land in question.

In *Tinicum, supra,* the Pennsylvania Supreme Court held that the use of very similar language by the trial court in that case evidenced an attempt by the court to exercise the jury's factfinding function and the substitution of the court's value judgment for that of the jury.

There is nothing in the record before us to support the trial judge's statement that the jury was so confused by the experts that it lost sight of the true value of the land. The jury verdict was made after a view of the condemned premises and a consideration of extensive testimony by both parties. The court may not take over the function of the jury where the verdict was based on the evidence simply because substantial support for another verdict was also available. *Poulos, supra,* at 447, 266 A.2d at 102; *St. Clair Cemetery Association v. Commonwealth,* 390 Pa. 405, 136 A.2d 85 (1957). Where the jury's verdict is supported by the evidence, it will be upheld.

Finally, the lower court held that the grant of a new trial was warranted because the jury's verdict was against the clear weight of the evidence. However, we note that:

> 'A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.'

*Bosniak, supra,* at 298, 341 A.2d at 263.

A review of the record indicates that the jury's verdict was not so inadequate that it would shock the court's sense of justice so as to justify the grant of

a new trial, but to the contrary, the verdict was well within the limits outlined by the experts.

We therefore conclude that the court's bases for awarding a new trial are legally and factually insufficient and therefore its action constitutes a reversible abuse of discretion.

It is ordered that the lower court's order granting condemnees a new trial be reversed and the case is remanded for a reinstatement of the verdict.

#### ORDER

AND Now, this 28th day of February, 1979, the order of the Court of Common Pleas of Cambria County, Civil Action No. 1285-1974, granting condemnees' motion for a new trial is reversed, and the case is remanded to that court to reinstate the jury verdict and enter judgment thereon.