635 A.2d 754

**BOROUGH OF JEFFERSON, Appellant,**

v.

**Enrico BRACCO and Norma M. Bracco, his wife.**

Commonwealth Court of Pennsylvania.

Argued June 18, 1993.

Decided Dec. 27, 1993.

682

Kerry A. Fraas, for appellant.

Edward P. Zemprelli, for appellees.

Before CRAIG, President Judge, FRIEDMAN, J. (P.), and SILVESTRI, Senior Judge.

CRAIG, President Judge.

The appellant, the Borough of Jefferson, appeals from the order of the Court of Common Pleas of Allegheny County,

dated July 9, 1986, at No. GD 84–2631, which reversed a decision of another common pleas court judge on post-trial motions, and awarded condemnation damages to the appellees, Enrico and Norma Bracco. We are asked to decide whether an order issued by a judge who thereafter resigned from the bench may be later revised on post-trial motions by a second judge on the same court who did not take additional evidence, and if so, whether the second judge in this case acted properly. We affirm in part and vacate and remand in part.

## HISTORY OF THE CASE

The procedural history of this case is extensive. The Braccos are the owners of real property on the west side of State Route 51 in Jefferson Borough. The Braccos own and operate a restaurant and lounge on this property named the 51 Lounge.

On May 5, 1976, the borough enacted Ordinance No. 340 which condemns land for the purpose of constructing and operating a sanitary sewer. In Section 2 of the ordinance, the borough, as easement Twenty–Sixth, specifically condemns an easement along the entire frontage of the Braccos' land extending for a width of 20 feet into their parcel. The easement includes the enclosed entrance and vestibule area of the lounge.

The borough filed a Declaration of Taking with the Court of Common Pleas on May 18, 1976 at GD 76–10785 that included the easement. The borough filed a petition for the Appointment of Viewers at GD 79–6614, but, for reasons not identified in the record, there was never a hearing on the borough's petition. Then the Braccos filed a petition for the Appointment of Viewers at FD 82–24118, to which the borough filed preliminary objections.

The trial court dismissed the borough's preliminary objections in August of 1983 and a hearing followed. In February of 1984, a board of viewers awarded damages to the Braccos in the amount of $45,800.00. The borough then filed an appeal to the Court of Common Pleas.

In the Common Pleas Court, a judge (the trial judge) conducted a de novo, non-jury trial. On August 14, 1985, the trial judge concluded that the Braccos did not suffer a loss from the taking, but rather that the Braccos enjoyed a benefit because of the newly constructed sewer line. Therefore, the trial judge levied a benefit assessment of $1,200.00 against the Braccos in favor of the borough, reflecting an increase in the value of the Braccos' property (the 1985 decision).

On August 26, 1985, the Braccos filed a motion for post-trial relief. The trial judge scheduled a hearing on the motion, and shortly thereafter resigned his position on the court. Because the trial judge had resigned, a second judge (the designated judge) on the same court heard the Braccos' post-trial motion as scheduled. The designated judge entered a new judgment on July 9, 1986, in favor of the Braccos and awarded them $45,800.00 (the 1986 decision).

The borough has previously appealed to this court from the 1986 decision. *Borough of Jefferson v. Bracco,* 113 Pa.Commonwealth Ct. 223, 536 A.2d 868 (1988). However, this court did not reach the merits of the borough's appeal. Rather, this court decided on its own initiative that post-trial motions were not available in a statutory appeal to change the 1985 decision of the trial judge, and thus, the 1986 decision had to be vacated. Therefore, we rejected the borough's appeal and reinstated the 1985 decision. In addition, this court denied the Braccos' application for reargument.

The Braccos then filed a petition for allowance of appeal in the Supreme Court of Pennsylvania on May 16, 1988. The Supreme Court initially denied allocatur but then granted the Braccos' petition on June 23, 1989.

In a per curiam opinion, *Bracco v. Borough of Jefferson,* 531 Pa. 398, 613 A.2d 555 (1992), the Supreme Court reversed this court's order of February 2, because of the Supreme Court's recent decision in *Appeal of Borough of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990). In *Churchill,* the Supreme Court held that a trial judge's invitation or authorization to file post-trial motions in a particular case can negate the finality of a

previous order. Because the trial judge in the case before us, after deciding on the benefit assessment, also signed an order scheduling post-trial motions for the Braccos, the Supreme Court citation of *Churchill* indicates a conclusion that the trial judge had authorized such a motion.[1] Therefore, the Supreme Court remanded the case for consideration on the merits of the designated judge's 1986 decision on the post-trial motion. Now the parties are before this court again, asking whether the designated judge erred in revising the trial judge's decision.

## STANDARD OF REVIEW

■  We note that the borough suggests that we must apply a "strict scrutiny" standard to the actions of the designated judge. The borough believes that this present situation is procedurally unique and therefore warrants the application of a stringent standard of review.

■  We do not agree. Motions for post-trial relief may be granted or denied at the lawful discretion of the trial court and will not be reversed without a manifest abuse of discretion or a clear error of law. *Department of Transportation v. McGuire,* 41 Pa. Commonwealth Ct. 14, 16, 399 A.2d 134, 136 (1979).

In addition, the relief granted by the designated judge falls within the scope of the remedies available through motions for post-trial relief. Pa.R.C.P. No 227.1 sets forth the remedies as follows:

(a) After trial and upon the written Motion for Post–Trial Relief filed by any party, the court may

(1) order a new trial as to all or any of the issues;  or

(2) direct the entry of judgment in favor of any party;  or

(3) remove a nonsuit;  or

1.  Pa.R.C.P. No. 227.1(g) now expressly negates post-trial motions as to statutory appeal adjudications by common pleas courts. However, the Supreme Court's 1992 *Bracco* decision here consistently applies the 1990 *Churchill* doctrine to the trial court's 1985 action.

(4) affirm, modify or change the decision or decree nisi; or

(5) enter any other appropriate order.

■ Furthermore, the hearing of post-trial motions by a judge other than the trial judge is specifically permitted by the rules of civil procedure. Pa.R.C.P. No. 227.2 provides the following guidelines for the hearing of post-trial motions:

> All post-trial motions and other post-trial matters shall be heard and decided by the trial judge unless he orders that the matter be heard by a court en banc of which he shall be a member. *If the trial judge for any reason cannot hear the matter, another judge shall be designated to act.* No more than three judges shall constitute the court en banc. (Emphasis added.)

Nothing in Pa.R.C.P. No. 227.2, or any other rule of civil procedure, limits the discretion or options for post-trial relief that may be granted or denied by a designated judge acting on behalf of an unavailable trial judge. The rule places the designated judge in the shoes of the trial judge. Therefore, nothing about the case before us is alien to the rules. Post-trial relief is allowed, and the motions may be heard by a judge other than the original trial judge.

Accordingly, we are limited to determining whether the designated judge abused his discretion in granting the motion for post-trial relief, and we are prohibited from using a strict-scrutiny standard of review.

## LAW OF THE CASE

■ The borough argues that the designated judge erred in granting the Braccos' request for post-trial relief because the trial judge established "law of the case" that cannot be contradicted by another judge on the same court without the production of new evidence which affects the circumstances of the parties in the action. *See, e.g., Yudacufski v. Commonwealth, Department of Transportation,* 499 Pa. 605, 454 A.2d 923 (1983). According to the borough, the designated judge makes no reference to new evidence. Therefore, it asserts

that changing the law of the case constitutes an abuse of discretion.

■ However, the law of the case is a concept that is inapplicable to the question before us. The concept is a judicial mechanism used to prevent a second judge in a parallel or simultaneous legal proceeding from making a contradictory ruling about the rights and liabilities of parties before another judge who has not issued a final appealable order. The cases relied upon by the borough as to this issue, including *Yudacufski,* address appeals from interlocutory orders and pre-trial motions. However, the case before us does not concern a pre-trial or interlocutory order. Thus, we do not agree with the borough that the designated judge was bound by the 1985 decision. Rather, the designated judge, like the trial judge, is bound only by the law and the limits of discretion.

■ The borough also argues that the designated judge cannot make determinations of credibility, on the ground that the trial judge, not the designated judge, heard the parties' testimony. According to the borough, the trial judge is the only person qualified to make determinations of credibility.

However, the question of whether the Braccos have suffered a loss to their surface rights because of the operation of the ordinance can be answered without making credibility determinations. This question may be answered by examining the language of the ordinance as a matter of law.

■ Our review of the record in the case before us indicates that the ordinance expressly states that the borough condemned the rights over and under the land within the easement on the Braccos' property. The ordinance reads in pertinent part as follows:

> NOW, THEREFORE, BE IT ENACTED AND ORDAINED and it is hereby ordained and enacted by the Council of the Borough of Jefferson....

. . . .

SECTION TWO (emphasis deleted): That the Borough of Jefferson ... does hereby take, appropriate, and condemn for public use ... and for the construction, operation and maintenance of sanitary sewers, manholes and necessary appurtenances *in, over, through and across the following tracts of land* in the Borough of Jefferson ... which are identified and described by the names of the present or former owners as follows:

. . . .

TWENTY–SIXTH: A REQUIRED EASEMENT, VARIABLE IN WIDTH FROM 0' TO 20' AS HEREINAFTER DESCRIBED, *IN, OVER THROUGH AND ACROSS LANDS OF ENRICO BRACCO* AND ALEX F. RAPETTA. (Emphasis deleted.)

Borough of Jefferson Ordinance No. 340 (emphasis added).

However, the borough asserts, and the *trial* judge agreed, that the ordinance took only subsurface rights by the easement. In addition, the borough alleges that it has never blocked the Braccos' enclosed entry. Therefore, the Braccos' claimed damages for the future construction of a new entrance and the related interior remodeling are, according to the borough, non-compensable because the costs are speculative and unrelated to the subsurface rights taken by the ordinance.

Accordingly, the trial judge wrote the following analysis of this issue in the 1985 decision:

[D]amage to the lobby area resulting from maintenance work on the sewer is speculative at present. Such damage, if it ever occurs, should be addressed at that time.

The chief concern expressed by the Braccos involves the possible future termination of the right of access through the covered entrance.... However, that has not occurred. The Borough of Jefferson took an easement for underground sewers only and it was well within its rights to do so. The condemnor need only take so much property as is needed for its purposes ... Petition of Cavalier, 408 Pa. 295, 183 A.2d 547 (1962). To require a condemning authority to acquire property interests not needed in its project

and to pay the property owner therefor when he has the undiminished use of his property, is to subject the condemnor to prohibitive cost and to permit the land owner to obtain a windfall. In Cavalier, the Supreme Court was asked to determine the nature of the Commonwealth's interest when it erected an elevated highway supported by 12 pillars over a portion of the condemnee's land. The court found it to be an aerial easement except for those surface areas occupied by the bases of the 12 pillars. Likewise, in the instant case the Braccos continue to enjoy all rights in the entrance area with the exception of the under ground sewer structure, and should be compensated accordingly.

When a government has the power to condemn a fee interest with its concomitant bundle of rights it follows that it may take only one stick from that bundle if it so desires. In this case, the Borough of Jefferson condemned an easement for the installation of an underground sewer in the Braccos' property. The Braccos should be compensated for that taking alone, no more, no less. (Some citations omitted.)

In contrast, the *designated* judge concluded that the borough took the Braccos' surface rights at the same time the borough took the subsurface rights. The designated judge wrote the following evaluation of the parties' interests in the 1986 decision: [2]

Borough Ordinance No. 340 § 2 (relating to the taking) states that the taking will be 'in, over, through and across ... tracts of land in the Borough ...' Number 26 of § 2 of the Ordinance describes the land area owned by the Braccos that was taken. The Borough admits that the taking includ-

2. Although the designated judge's evaluation, as quoted in this opinion, states that "[t]he Borough admits that the taking included a full fee simple absolute interest, even though the interest taken was labelled a 'subsurface easement ...'", we can find no admission by the borough in the record or the briefs that it took a fee simple interest. Also, the designated judge's reference to the interest taken, as being "labelled" a subsurface easement, refers to the characterization of the easement by the borough's representatives, not to a label included in the ordinance.

ed a full fee simple absolute interest, even though the interest taken was labelled a 'subsurface easement.'

Pennsylvania law provides procedures under which a condemnor may relinquish all or part of condemned land of which it has not taken actual possession ... [W]ithin one year from the filing of the Declaration of Taking the condemnor must file with the Court a Declaration of Relinquishment ... Since land should not be condemned unless compelling necessity requires condemnation, the statutes regulating condemnation must be strictly construed. The Borough maintains that 'legally' the property interest it obtained was only a subsurface easement; but this position is not supported by Ordinance No. 340. Ergo, if the Borough desired to actually take a lesser interest than that it originally sought, its officials could have easily complied with the cited statutory provisions. The Borough has never filed any request or action or Declaration of Relinquishment which would decrease the quantum of its condemnation from a fee simple absolute to a mere subsurface easement. However, the Borough has *attempted* to substitute its own specially created method of relinquishment for the method mandated by the Eminent Domain Code. The Borough, hoist by its own petard, will not be permitted to change informally what it could have accomplished by complying with the statute. (Emphasis in original. Citations omitted.)

Therefore, the designated judge supplanted the decision of the trial judge by awarding compensation in accordance with the Braccos' motion for post-trial relief.

We note that *Cavalier*, upon which the trial judge relied, does not address the question before us. In *Cavalier*, the Supreme Court analyzed an ambiguous condemnation plan. The condemnation plan did not specify who controlled the surface rights existing under an implied aerial easement.

There is no ambiguity in this case that requires us to determine the extent of the borough's needs. The ordinance speaks for itself, and it says that the borough took the Braccos' surface rights. With respect to sewer lines, the taking of surface rights, for the purpose of construction and

repair access to the sewer line location, is not unusual. In addition, nothing in the record suggests that the borough relinquished, or attempted to relinquish, its rights concerning the surface of the easement.

Nor have we found any testimony that disputes the plain meaning of the ordinance. Rather, the borough's witnesses attempted to prove that the borough never blocked access to the Braccos' vestibule. However, whether or not the borough has blocked, or could block, the entrance is not conclusive in itself for purposes of determining whether there has been a taking of the Braccos' surface rights. Therefore, we will affirm the designated judge's decision on this issue.

## MONETARY DAMAGE AMOUNT

■ The borough also takes issue with the designated judge's award of $45,800.00 to the Braccos in damages, and his vacating the $1,200.00 benefit assessment in favor of the borough. The borough suggests that these decisions are not supported by evidence in the record, and further contends that the designated judge erred by considering the board of viewers award for the improper purpose of setting the amount of the Braccos' damages. *McGuire*, 41 Pa. Commonwealth Ct. 14, 399 A.2d 134 (1979). We agree that the evidence in the record does not support awarding the Braccos $45,800.00 or vacating the borough's benefit assessment, and that the designated judge may have relied on the board of viewers award.

The designated judge properly awarded damages to the Braccos, but without any explanation of his calculations. The designated judge mentions the award of damages only briefly in the following passage from the 1986 decision:

This court finds that the testimony of the expert witness for the Braccos is more creditable than the testimony offered by the Borough ... We find that just compensation for this loss suffered is *$45,800.00* plus damages for delay calculated from the date of condemnation. We further find that the Braccos received no benefit from the Borough and do not owe the sum of $1,200.00 or any other sum to the Borough. (Emphasis in original.)

From this passage, we cannot determine how the designated judge reached his result.

Nor are we aided by the designated judge's finding that the Braccos' witnesses are more credible than the borough's. Although the borough did not present any evidence of the damages incurred by the Braccos, the Braccos presented evidence from expert witnesses who placed the damages significantly higher than the amount awarded. For example, Mr. Boyd Anastas, a registered architect who testified on behalf of the Braccos, estimated the costs to the Braccos for redesigning the 51 Lounge to be $64,000.00. In addition, Mr. Alex Obsince, a licensed real-estate broker and appraiser who testified on behalf of the Braccos, determined that the before-condemnation-value of the Braccos' land and lounge was $212,-000.00, and the after-condemnation-value of the same was $111,400.00. Mr. Obsince's figures therefore, put the damages to the land and the lounge at $100,600.00.

The amount awarded by the designated judge does not bear any apparent relation to the only evidence in the record. Of course, a trial court is entitled to disregard experts' valuations if the judge has personally viewed the property in question, *Appeal of Andorra Associates*, 128 Pa. Commonwealth Ct. 6, 562 A.2d 953 (1989), but the designated judge did not view the Braccos' land. A judge may not otherwise ignore evidence in a condemnation proceeding. *Avins v. Commonwealth*, 379 Pa. 202, 108 A.2d 788 (1954). Therefore, we may not affirm the award as it stands because, without a reasoned explanation of how $45,800.00 was derived, the designated judge's action could constitute an abuse of discretion.

Although, as noted above, a judge in a de novo hearing is not permitted to consider a board of viewers award for the purpose of calculating damages, the damages amount in the 1986 decision is identical to the amount awarded to them by the board of viewers. Because of the lack of analysis in the 1986 decision concerning the computation of damages, the designated judge could have erred in relying upon the board of viewers award in reaching his final figure.

Accordingly, we must remand this case for the limited purpose of calculating the amount to be awarded by the borough for its taking of the Braccos' rights, and for findings in support of the calculation, pursuant to a supplementary hearing if necessary.

## ORDER

NOW, December 27, 1993, we affirm the decision of the Court of Common Pleas of Allegheny County dated July 9, 1986, at docket No. GD 84–2631, insofar as it holds that the Borough of Jefferson took property from the Braccos, and we vacate and remand for the purpose of determining the net amount of damages or net benefit to the Braccos, and for the making of findings of fact as a basis for the amount determined, pursuant to a supplementary hearing if necessary.

Jurisdiction relinquished.