CITY OF PHILADELPHIA

v.

Conrad BENEDETTO, Appellant.

No. 2978 C.D. 2001.

Commonwealth Court of Pennsylvania.

Argued June 13, 2002.

Decided July 2, 2002.

Vincent J. Guisini, Philadelphia, for appellant.

John DiGiuseppe, Philadelphia, for appellee.

BEFORE: FRIEDMAN, Judge, COHN, Judge and MIRARCHI, JR., Senior Judge.

OPINION BY Judge FRIEDMAN.

Conrad Benedetto, Esquire (Benedetto) appeals from the November 6, 2001, order, docketed on November 8, 2001, of the Court of Common Pleas of Philadelphia County (trial court), which denied Benedetto's Motion for Post–Trial Relief. We affirm.

On or about May 6, 1997, the City of Philadelphia (City) filed an action in the trial court against Benedetto for delinquent wage taxes, business privilege taxes and net profit taxes, totaling $249,139.92, and for non-filed tax returns. (S.R. at 2–7.) On November 3, 1997, Benedetto entered into an agreement (Stipulated Judgment) with the City to pay the delinquent taxes, and, on that same day, the trial court directed the prothonotary to mark the case settled, discontinued and ended, pursuant to an unfiled stipulation. (R.R. at 7a, S.R. at 45.)

Pursuant to the Stipulated Judgment, Benedetto stipulated to judgment in favor of the City in the amount of $233,817.89; however, the City and Benedetto agreed that the City would not file judgment against Benedetto, and the City would forgive a portion of the total debt, provided that Benedetto paid $40,000.00 on or before November 3, 1997, and $100,000.00 on or before December 20, 1997.[1] (S.R. at 26; Stipulated Judgment, ¶ 2.) In the event Benedetto failed to make the stipulated payment totaling $140,000.00, the Stipulated Judgment provided that the City "may proceed immediately, without further notice to [Benedetto], to file this Stipulat[ed] [Judgment] and execute upon the judgment for [$233,817.89], less any sums received by [the City] pursuant to this Stipulation." (S.R. at 26a–27; Stipulated Judgment, ¶ 4.) Benedetto made the $40,000.00 payment; however, he failed to make complete and timely payment of the $100,000.00.[2]

---

1. The Stipulated Judgment provided for a fifteen-day grace period for the $100,000.00 payment. (S.R. at 26–27; Stipulated Judgment, ¶ 4.)

2. On December 22, 1997, the City sent Benedetto a letter acknowledging receipt of $56,879.57 as an incomplete and late payment, as well as informing him of the remaining balance due and owing. (S.R. at 31.)

Additionally, the letter notified Benedetto that he was in default of the Stipulated Judgment. (S.R. at 31.) Subsequently, on February 9, 1998, the City sent Benedetto a letter acknowledging receipt of an additional $7,500.00, as well as informing him of the remaining past due balance under the Stipulated Judgment. (S.R. at 32.) The letter also notified Benedetto that he was in breach of the Stipulated Judgment and that the City

Subsequently, the City tried to have the Stipulated Judgment entered of record; however, the prothonotary would not accept the Stipulated Judgment because the trial court, in a November 3, 1997, order, marked the action as settled, discontinued and ended. (R.R. at 6a–7a.) Accordingly, the City filed a motion to vacate the trial court's November 3, 1997, order and to enter the Stipulated Judgment. (S.R. at 34.)

On January 4, 2001, the trial court held an evidentiary hearing on the City's motion in order to determine whether Benedetto had breached the Stipulated Judgment.[3] (R.R. at 15a, 38a; *see* R.R. at 8a–9a.) At the hearing, the trial court received evidence in the form of witness testimony and exhibits. Specifically, the City presented the testimony of Gia Guadagnino, a tax analyst with the City, and Larry Thomas, Sr., an accountant with the City's Department of Revenue. (R.R. at 43a.) Thomas testified that, as of March 26, 1998, Benedetto had paid a total of $111,879.57 under the Stipulated Judgment. (R.R. at 63a.) Testifying on his own behalf, Benedetto admitted that he did not pay the entire $140,000.00, but he argued that he ceased payments because the City never provided him with an accounting. (R.R. at 80a, 87a.) Additionally, Benedetto argued that he did not breach the Stipulated Judgment because the payments he made constituted substantial compliance with the Stipulated Judgment.

On August 15, 2001, the trial court issued a "memorandum," finding that Benedetto failed to pay the stipulated payment of $100,000.00 due on or before December 20, 1997. (S.R. at 41.) Thus, the trial court concluded that Benedetto breached the Stipulated Judgment with the City, and, therefore, the City could file the Stipulated Judgment. (S.R. at 41.) Accordingly, the trial court entered an order, dated August 15, 2001, directing the prothonotary to vacate the November 3, 1997, order and permitting the City to enter the Stipulated Judgment. (S.R. at 41.) On August 22, 2001, the Stipulated Judgment was entered in favor of the City against Benedetto. (S.R. at 46.)

On August 24, 2001, Benedetto filed a "Motion for Post–Trial Relief in the Nature of Exceptions to the Trial Judge's Findings and Decision and Decree Nisi" (Motion). (R.R. at 92a–103a.) On October 2, 2001, the trial court conducted a hearing on the issue of whether the filing of this Motion was proper. (R.R. at 105a–27a.) On November 6, 2001, the trial court issued an order denying Benedetto's Motion as improperly filed.[4] Benedetto now appeals to this court.[5]

Benedetto first argues that the trial court erred as a matter of law and abused its discretion in determining that it lacked jurisdiction to hear Benedetto's Motion because it was improperly filed. Relying on *Miller v. Kramer*, 424 Pa.Super. 48, 621 A.2d 1033 (1993), Benedetto argues that a trial is an examination and determination of factual or legal issues and that, in

could, at any time, enter judgment against him for the full stipulated amount, less any sums received. (S.R. at 32.)

3. We note that this hearing was *not* on the merits of the original action, i.e., whether Benedetto owed the full amount claimed in the complaint.

4. This order was entered on the docket on November 8, 2001. (S.R. at 47.)

5. This court will not reverse the trial court's grant or denial of post-trial motions absent a manifest abuse of discretion or clear error of law. *Borough of Jefferson v. Bracco*, 160 Pa. Cmwlth. 681, 635 A.2d 754 (1993).

its January 4, 2001, proceedings, the trial court conducted such an examination. Benedetto points out that the trial court received evidence in the form of witness testimony and exhibits on the issue of whether he breached the Stipulated Judgment. Thus, he argues that there was a trial, and, therefore, post-trial motions were proper. We do not agree.

Pa. R.C.P. No. 227.1(c)(2) provides, "Post-trial motions shall be filed within ten days after ... notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial." The note to this section further provides:

A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or *other proceedings which do not constitute a trial* .... A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.

Pa. R.C.P. No. 227.1(c)(2), note (emphasis added).

■■■■ The fact that the trial court received evidence does not automatically mean that the proceedings were the type to which post-trial motions may be filed. *See Porreco v. Maleno Developers, Inc.,* 761 A.2d 629 (Pa.Cmwlth.2000).[6] A trial is defined as a "judicial examination and determination of issues between parties *to [an] action.*" Black's Law Dictionary 1504 (6th ed.1990). Here, however, the City and Benedetto were no longer parties to an *action;* rather, as evidenced by the trial court's November 3, 1997, order and the docket entries marking the original action as *settled,* discontinued and ended, the *action* between the parties had ended, and the City and Benedetto now were parties to a settlement agreement, i.e., the Stipulated Judgment.[7]

**6.** In *Porreco,* the landowner filed a petition to enforce a settlement, and the defendant responded that no settlement agreement existed. Ultimately, and after a lengthy evidentiary hearing, the trial court concluded that the parties had entered into a binding settlement agreement and ordered the construction of a retention basin pursuant to the settlement agreement. On appeal, this court considered whether the appellant was required to file post-trial motions. Despite the fact that the trial court conducted a lengthy evidentiary hearing, this court, relying on Pa. R.C.P. No. 227.1(c)(2), held that, because the appeal was initiated by the proceedings arising out of the petition to enforce the settlement, post-trial motions were neither required nor permissible.

Although the parties here did not submit a statement of facts to the trial court, also instructive are cases which discuss the distinction between cases submitted upon an agreed statement of facts for the entry of *judgment* by the court, which is final and not subject to post-trial motions, *see County of Allegheny v. Allegheny County Prison Employees' Independent Union,* 53 Pa.Cmwlth. 350, 417 A.2d 864 (1980), and those submitted upon a stipula-

tion of facts for the *decision* of the court, which is subject to post-trial motions, *Taylor v. City of Philadelphia,* 692 A.2d 308 (Pa. Cmwlth.), *aff'd,* 548 Pa. 568, 699 A.2d 730 (1997); *see also County of Allegheny.* In determining whether the court has rendered a decision or judgment, Pennsylvania courts consider several factors: (1) the intent of the parties; (2) the parties' instructions to the trial court; and (3) the form of order or judgment entered by the trial court. *Taylor.*

As evidenced by the plain language of the Stipulated Judgment, the parties' intentions were that, upon default, a *judgment* would be entered against Benedetto. Additionally, based on the Stipulated Judgment, it can reasonably be said that the parties' instructions to the court were to have a judgment entered.

**7.** We agree with the City that the proceedings here were akin to those arising from a petition to enforce a settlement agreement, which is not subject to post-trial motions. *See Bennett v. Juzelenos,* 791 A.2d 403 (Pa.Super.2002); *Porreco.* Here, the parties entered into the Stipulated Judgment, which, in essence, was a settlement agreement; indeed, the Stipulated Judgment refers to the

The January 4, 2001, proceedings, and the trial court's resulting August 15, 2001, order, did not resolve any factual or legal issues relating to the merits of the original action on which the complaint was based, i.e., whether Benedetto in fact owed the taxes; rather, the sole issue before the trial court was whether Benedetto complied with the Stipulated Judgment, a matter collateral to the underlying settlement agreement proceeding. Consequently, Benedetto's Motion was improper.

■ Next, Benedetto argues that the trial court erred as a matter of law and abused its discretion in determining that he did not substantially comply with the Stipulated Judgment. Again, we disagree.[8]

Whether Benedetto's payments might constitute substantial compliance in another context does not dictate the result here. In making his argument, Benedetto fails to acknowledge that, as an express condition of abating the penalty in the amount of $93,817.79, the City required Benedetto to make payments totaling $140,000.00 on or before December 20, 1997. (S.R. at 26a; Stipulated Judgment, ¶ 6.) Failure to timely pay this entire amount entitled the City to enter judgment in the full amount originally claimed. Here, Benedetto simply failed to comply with the express condition

---

$140,000.00 as the "Settlement Amount." (S.R. at 26.) Under this Stipulated Judgment, the parties agreed that if Benedetto did not timely make the specified payments totaling $140,000.00, the City could proceed to enter judgment against Benedetto in the amount of $233,817.89.

8. We note that Benedetto should have raised this issue in an appeal from the trial court's August 15, 2001, final order, see Pa. R.A.P. 341, rather than file his Motion. Although his failure to file a timely appeal effectuates a waiver of this issue, see Pa. R.A.P. 903(a), we will address it here.

precedent to the City's forbearance.[9] Thus, Benedetto's failure to pay the full amount entitled the City to enter judgment against him pursuant to the Stipulated Judgment.

Accordingly, we affirm.

### ORDER

AND NOW, this 2nd day of July, 2002, the order of the Court of Common Pleas of Philadelphia County, dated November 6, 2001, and docketed on November 8, 2001, is hereby affirmed.

---

9. We are not persuaded by Benedetto's argument that he did not owe any additional monies absent an accounting from the City. As the City points out, pursuant to the Stipulated Judgment, it was not obligated to provide Benedetto with an accounting. Additionally, as the payor, Benedetto knew or should have known of the amount he paid, and he, as the payor, was in at least as good of a position, if not better, than the City to have access to, and to obtain, this information. Moreover, Benedetto knew the terms of his obligation, and he was aware that he did not pay the amount owed. (R.R. at 80a, 87a.) Even if he had made an overpayment, he would be entitled to a refund.