940 A.2d 624 (2008)
In re a CONDEMNATION PROCEEING BY SOUTH WHITEHALL TOWNSHIP AUTHORITY, Lehigh County, Pennsylvania to Acquire Sanitary Sewerage Easement, over, under and through 0.498 Acres of Lands Owned of Record by Alexander G. Tamerler
Alexander G. Tamerler
v.
South Whitehall Township Authority, Appeal of Alexander G. Tamerler.
No. 835 C.D.2007.
Commonwealth Court of Pennsylvania.
Argued December 10, 2007.
Decided January 8, 2008.
*626 Kevin T. Fogerty, Allentown, for appellant.
Donald E. Wieand, Jr., Lehigh Valley, for appellee.
BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, and KELLEY, Senior Judge.
OPINION BY Judge PELLEGRINI.
Alexander G. Tamerler (Condemnee) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) contending that it erred as a matter of law in not holding that the South Whitehall Township Authority's (Authority) condemnation of an "easement over, under and through" his property amounted to the taking of a fee simple interest and should have been awarded damages accordingly. For the following reasons, we affirm.
Condemnee owned 93 acres of land in South Whitehall Township and Upper Macungie Township. Part of the property was a 16-acre parcel which Condemnee acquired by separate deed. The 16-acre parcel was separated from the remainder of Condemnee's land by a railway line that ran along the rest of the tract's southern boundary. Condemnee accessed the 16acre parcel by use of an unimproved roadway across the railroad tracks.
In May 2001, the Authority adopted Resolution No. 2001-6-BOA (Resolution I) condemning a 25-foot wide utility easement across Condemnee's separated 16-acre parcel.[1] Resolution I described the interest condemned as follows:
1. Location of Property and Owner: Authority hereby selects, and shall hereafter acquire, appropriate, take and condemn as and for a sanitary sewerage easement, that certain twenty-five foot (25') wide easement, and adjacent construction easement, over, under and through, those certain lands of Alexander G. Tamerler.
* * *
4. Nature of Acquisition: The nature of the title acquired by this condemnation is a utility easement, and adjacent construction easement.
(Emphasis added.)
Based on the authorization in Resolution I, the Authority filed a Declaration *627 of Taking (Declaration) again describing its taking as "easements and rights of way over, under and through" Condemnee's property for the "placement of sanitary sewer lines to serve the Property of Condemnee as well as other lands in the northwesterly portion of South Whitehall Township." Condemnee did not file preliminary objections to the Declaration.[2] A Board of View was appointed, and after a hearing, awarded Condemnee $50,000 to compensate him for the taking of his property. Both parties appealed, with the Authority contending that Condemnee had suffered no damages and Condemnee claiming that the Authority had taken a fee simple interest in his land rather than an easement based on the "over, under and through" language of Resolution I and the Declaration. Condemnee then requested a jury trial.
Before trial, the Authority adopted Resolution No. 2004-3-BOA (Resolution II)[3] on January 19, 2004, clarifying that the title acquired by condemnation was a utility easement and a temporary construction easement and was not intended to interfere with Condemnee's use of the surface of the easement area.[4] Resolution II expanded paragraph 4 of Resolution I to explain that the "nature of the title acquired by this condemnation is a utility easement, and an adjacent construction easement . . . This easement is acquired in contemplation of the installation of a subsurface utility line, and is not intended to restrict the use of the surface of the easement area, except in times when the easement is to be used to construct, maintain, restore or replace the sewer line placed therein." (Reproduced Record at 363a.) The Authority also filed a motion in limine precluding Condemnee from introducing evidence at trial that the Declaration appropriated a fee interest as opposed to a utility easement,[5] which was granted by the trial court. After a trial at which the parties offered evidence as to the appropriate use of the property, how that use was impacted by the easement, and how the value of the property was affected due to the burden placed on the land by the easement, the jury awarded Condemnee $40,000 in damages, and a *628 molded verdict was entered on February 6, 2007, in the amount of $52,653.38. After its post-trial motions were denied, this appeal followed.[6]
Condemnee raises a single issue on appeal. Relying solely on our decision in Borough of Jefferson v. Bracco, 160 Pa. Cmwlth. 681, 635 A.2d 754 (1993), he contends that the trial court erred in not charging the jury that taking an easement "over, under and through" transforms the interest taken from an easement into a fee simple. In Bracco, the condemnor appropriated a sewer easement "in, over, through and across" the front of the property on which was located a restaurant and lounge, and the easement area included the entrance to the restaurant and lounge. The condemnees maintained that the language took both a surface and subsurface easement, and that such a taking entitled them to the costs associated with the construction of a new entrance to the restaurant and lounge. The condemnor argued that it had taken only subsurface rights and the old entrance could still be used. Based solely on condemnor's alleged admission that the taking included a "full fee simple absolute interest," Bracco, 635 A.2d at 759 (quoting from the trial court's opinion), the trial court awarded damages on that basis. On appeal, we noted that the condemnor never admitted that the interest it took was a fee simple interest, and the only issue before the trial court was whether taking an easement "in, over, through and across" took both surface and subsurface easements. Holding that the language appropriated a surface as well a subsurface interest, we remanded the matter to the trial court for a recalculation of damages. Contrary to Condemnee's assertion, Bracco does not hold that the use of the language "in, over through and across" by a condemnor results in the taking of a fee simple interest as a matter of law.
We further note that regardless of how expansive or invasive it might be, an interest in the nature of an easement never indicates an interest in the nature of a fee simple. An easement is a non-possessory interest in land in the possession of another entitling its holder to a limited use or enjoyment of the land in which the interest exists. Leichter v. Eastern Realty Company, 358 Pa.Super. 189, 516 A.2d 1247 (1986), citing RESTATEMENT (FIRST) OF PROPERTY (1944) § 450. A fee simple absolute interest, on the other hand, is a possessory interest which entitles the owner of that interest to exclusive possession of the land itself. A fee simple interest may be burdened by an easement and that easement may indeed decrease the value of the land by limiting its development, but the presence of the easement in no way diminishes or extinguishes the possessory interest of the fee holder. Even if one has a surface and subsurface easement, a combination of two non-possessory interests does not result in the acquisition of a possessory interest. See Department of Transportation v. Cobb, 122 Pa.Cmwlth. 276, 540 A.2d 5 (1988) (allowing acquisition of surface and aerial easements for highway project.) However, damages awarded for the taking are distinct from the interest taken; damages awarded for the taking of an easement may be the equivalent of a total taking if the burden placed on the land by the easement takes away all use and enjoyment of the property by the possessory owner. In this case, condemnor *629 only took an easement "over, under and through" the property, and damages are to be calculated based on the measure of burden the easement places on the land, not on the, basis that a fee simple (and, therefore, the Condemnee's entire possessory interest) was taken.
Accordingly, because the taking of an easement "over, under and through" does not result in a taking of a fee simple interest as a matter of law, the trial court's order is affirmed.

ORDER
AND NOW, this 8th day of January, 2008, the order of the Court of Common Pleas of Lehigh County is affirmed.
NOTES
[1] The Authority exercised its right of eminent domain under Section 4 of the Pennsylvania Municipalities Authorities Act (Act), Act of May 2, 1945, P.L. 382, as amended, 53 P.S. § 306B. 53 P.S. § 306B(d) provides that every Authority shall have the power "to acquire, purchase, hold, lease as lessee and use any franchise, property, real, personal or mixed, tangible or intangible, or any interest therein necessary or desirable for carrying out the purposes of the Authority and to sell, lease as lessor, transfer and dispose of any property or interest therein at any time acquired by it." When an interest in property is obtained through eminent domain, the extent of the taking is determined by examining the resolution of the condemnation, the declaration of taking and the plans attached thereto in conjunction with relevant statutes. Petition of Cavalier, 408 Pa. 295, 183 A.2d 547 (1962).
[2] Preliminary objections in eminent domain proceedings are different from those in other proceedings. Preliminary objections are the sole method by which a condemnee may challenge the declaration of taking. Middletown Township v. Lands of. Stone, 882 A.2d 1066 (Pa.Cmwlth.2005). See also 26 Pa.C.S. § 306. In the present case, Condemnee appealed the Board of View report to the trial court pursuant to 26 Pa.C.S. § 515(c), which states, in relevant part, that "each report shall be final as to the property or properties included and subject to separate appeal."
[3] A condemnor may enact a supplementary resolution, and such a resolution is admissible as evidence, provided the second resolution does not "reduce the taking, but merely define[s] it." Chester Municipal Authority v. Delp, 371 Pa. 600, 605, 92 A.2d 169, 171 (1952). To undo the taking or reduce the scope of the taking, a condemnor may relinquish all or any part of the property condemned by filing a declaration of relinquishment with the court within one year from the filing of the declaration of taking. Alexander v. Snow Shoe Township, 798 A.2d 809 (Pa. Cmwlth.2002). It appears that Condemnee characterizes Resolution II as authorizing a relinquishment by stating that the Authority attempted "to belatedly reduce the scope of the property interest" taken from Condemnee. (Brief of Appellant at 6, n. 2.) However, Resolution II is clearly a supplementary resolution defining the nature and scope of the taking.
[4] The area taken consisted of .498 acres and crossed the 16-acre parcel along the southern edge. This edge was immediately adjacent to the Norfolk Southern Railway Line.
[5] Condemnee appealed the order, and we quashed the appeal because the trial court's ruling was not a final order for purposes of appeal.
[6] This Court's standard of review in a condemnation case is to determine whether the trial court abused its discretion or committed an error of law. In re Condemnation by Township of Manheim, 868 A.2d 38 (Pa. Crnwlth.2005). This Court will not reverse a trial court's grant or denial of post-trial motions absent a manifest abuse of discretion or clear error of law. City of Philadelphia v. Benedetto, 801 A.2d 1276 (Pa.Cmwlth.2002).