# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Betty Bell, an adult individual, and   :
Propel Schools, d/b/a Propel Charter   :
School - Homestead, Propel Charter   :
School - Sunrise, d/b/a Propel Braddock :
Hills, Propel Charter School - Pitcairn,  :
and Propel Charter School - Hazelwood, :
                        Appellants   :
                                :
          v.                  :   No. 1259 C.D. 2019
                                :   Argued: May 14, 2020
Wilkinsburg School District       :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE J. ANDREW CROMPTON, Judge


**OPINION BY JUDGE BROBSON**        **FILED: April 19, 2021**


     In this appeal from an order of the Court of Common Pleas of Allegheny County (trial court), dated August 23, 2019, we have been presented with three issues for our consideration: (1) whether Section 1726-A(a) of the Charter School Law (CSL)[2] requires Wilkinsburg School District (School District) to provide charter school students with the identical form of transportation that the School District provides to the students attending the School District's schools; (2) whether

---

[1] This case was assigned to the opinion writer before Judge Brobson succeeded Judge Leavitt as President Judge.

[2] Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of June 19, 1997, P.L. 225, 24 P.S. § 17-1726-A(a).

the School District violated Section 23.2 or 23.4 of the State Board of Education's (State Board) regulations, 22 Pa. Code §§ 23.2 or 23.4, by using a common carrier to transport charter school students; and (3) whether the School District's use of a common carrier to transport charter school students violates Section 1362 of the Public School Code of 1949 (School Code).[3]

## I. BACKGROUND[4]

Appellants are Betty Bell (Bell) and several charter schools—*i.e.*, Propel Schools d/b/a Propel Charter School–Homestead; Propel Charter School–Sunrise d/b/a Propel Braddock Hills; Propel Charter School–Pitcairn; and Propel Charter School–Hazelwood, which we collectively refer to as Propel Charter Schools. Appellee is the School District. The School District is a public school district located in Wilkinsburg Borough (Borough), Allegheny County, Pennsylvania. (Reproduced Record (R.R.) at 71a, 95a.) Propel Charter Schools operates several public charter schools within 10 miles of the School District's boundaries. (*Id.* at 71a-72a.) For the 2018-2019 school year, 139 of Propel Charter Schools' students resided in the Borough. (*Id.* at 73a.) Bell's 10-year-old grandson, who resides in the Borough with Bell, is one of those students. (*Id.* at 70a, 96a.)

During the 2015-2016, 2016-2017, and 2017-2018 school years, the School District provided Bell's 10-year-old grandson and all of Propel Charter Schools' other students residing in the Borough with school bus transportation to their respective charter schools. (*Id.* at 72a, 97a.) Prior to the start of the 2018-2019 school year, however, the School District determined that, in order to

---

[3] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 13-1362.

[4] We have derived the relevant factual background from the parties' proposed findings of fact that the trial court adopted in its October 22, 2019 opinion in support of its order denying Appellants' motion for post-trial relief, none of which Appellants dispute on appeal.

reduce its transportation costs and increase the rate of its transportation subsidy from the Commonwealth from 30-40% to 100% of its transportation expenditures, the School District would no longer provide Propel Charter Schools' students with school bus transportation. (*Id.* at 72a-74a, 97a.) Rather, the School District determined that it would issue Port Authority of Allegheny County (PAT) bus passes, commonly known as Connect Cards, to Propel Charter Schools' students. (*Id.*) The Pennsylvania Department of Education did not approve the School District's change to its transportation plan for Propel Charter Schools' students prior to the School District's implementation thereof. (*Id.* at 74a.) In addition, despite this change of transportation for charter school students, the School District continued to provide the students attending its schools with school bus transportation. (*Id.* at 76a.) In light of the School District's decision to no longer provide charter school students with school bus transportation, Propel Charter Schools retained the services of a private bus company to provide school bus transportation to its kindergarten through 5th grade students residing in the Borough. (*Id.* at 73a, 98a.) Propel Charter Schools does not provide school bus transportation to its 6th to 12th grade students residing in the Borough; those students either use the PAT bus pass provided to them by the School District or find their own transportation. (*Id.* at 98a-99a.)

In order to utilize the transportation provided to them by the School District, Propel Charter Schools' students would have to walk from their homes to a nearby PAT bus stop, board a PAT bus, transfer to a second PAT bus if there is no direct route available from their homes to their charter schools, exit the PAT bus, and then walk from the PAT bus stop to their charter schools. (*Id.* at 74a-75a.) Unlike with school bus transportation, the PAT buses are not restricted to school children and

3

employees, and the School District has no control over who operates the PAT buses or who rides the PAT buses with Propel Charter Schools' students. (*Id.* at 78a.) Propel Charter Schools' students would have no adult supervision while riding the PAT buses. (*Id.* at 73a, 77a.) In addition, the School District does not provide any safety or other instructions to Propel Charter Schools' students transported by PAT buses comparable to those instructions provided to the students transported by school buses to the School District's schools. (*Id.* at 78a.)

On October 12, 2018, Appellants commenced an action against the School District by filing a complaint with the trial court. (*Id.* at 6a-16a.) In their complaint, Appellants sought both an injunction enjoining the School District from providing Propel Charter Schools' elementary school students with PAT bus passes as a form of "free transportation" under Section 1726-A(a) of the CSL and a declaration that the School District's issuance of PAT bus passes to Propel Charter Schools' students does not constitute free transportation under Section 1726-A(a) of the CSL. (*Id.* at 14a-16a.) On June 27, 2019, following a nonjury trial and review of the parties' post-trial submissions, the trial court entered an order dismissing Appellants' complaint. (*Id.* at 203a.) In so doing, the trial court concluded that Appellants failed to establish that the School District violated either the CSL[5] or the School Code[6] "by not providing private bus transportation to resident students in grades K-5 who attend Propel [Charter Schools'] schools." (*Id.*)

Appellants filed a motion for post-trial relief, which the trial court denied. (*Id.* at 219a.) Appellants then appealed the trial court's denial of their motion for post-trial relief to this Court. (*Id.* at 220a-28a.) Subsequent thereto, on

---

[5] Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of June 19, 1997, P.L. 225, 24 P.S. §§ 17-1701-A to -1751-A.

[6] 24 P.S. §§ 1-101 to 27-2702.

4

October 22, 2019, the trial court issued an opinion in support of its order denying Appellants' motion for post-trial relief, wherein the trial court adopted certain of the parties' proposed findings of fact and conclusions of law and reasoned:

> The [CSL] requires that the students at issue in the instant case be provided "free transportation." 24 P.S. § 17-1726-A(a). The School Code allows this transportation to be furnished by "common carriers" such as [PAT]. 24 P.S. § 13-1362. The "under the same conditions" language in [S]ection 1726-A(a) [of the CSL] refers to student travel distance to school along a non-hazardous route. It does not require that charter school students and school district students be transported in the same type of carrier. The School Code's mandate of "identical provision for the free transportation of pupils" does not apply to charter school students because charter schools are public schools. [Section 1361(1) of the School Code,] 24 P.S. § 13-1361(1). Simply put, the relevant statutes do not require equal treatment of school district and charter school students, and this [trial c]ourt lacks the authority to impose such a requirement by judicial fiat.

(Trial Ct. Op. at 2.)

## II. DISCUSSION

On appeal to this Court,[7] Appellants argue that the trial court committed an error of law by failing to conclude that: (1) Section 1726-A(a) of the CSL requires the School District to provide Propel Charter Schools' students with the identical form of transportation that the School District provides to the students attending the School District's schools; (2) the School District violated Sections 23.2 and 23.4 of the State Board's regulations by using PAT buses to transport Propel Charter Schools' students; and (3) the School District violated Section 1362 of the School Code by using PAT buses to transport Propel Charter Schools' students.

---

[7] Our standard of review with regard to a trial court's denial of a motion for post-trial relief is limited to determining whether the trial court abused its discretion or committed an error of law. *City of Phila. v. Benedetto*, 801 A.2d 1276, 1278 n.5 (Pa. Cmwlth. 2002).

While we would typically address Appellants' arguments in the order in which they were presented, we will first address Appellants' argument relative to Section 23.2 of the State Board's regulations, because it is a threshold issue. Appellants contend that, even if the School District was permitted to provide Propel Charter Schools' students with PAT bus passes as a means to satisfy its requirement to provide free transportation under Section 1726-A(a) of the CSL, the School District still violated Section 23.2 of the State Board's regulations by doing so because the School District did not obtain the Department's prior approval. In response, the School District contends that it did not violate Section 23.2, because Section 23.2 does not require the School District to obtain prior approval from the Department to use PAT buses for the transportation of Propel Charter Schools' students. The School District suggests that Section 23.2 provides that the means of transportation is "subject" to the Department's approval, not that the Department must approve it prior to implementation. The School District further suggests that the Department exercises "this approval authority through its power to reimburse school districts for transportation costs," because a school district will only be reimbursed for its transportation costs if the Department approves its transportation plan. (School District's Br. at 29.)

Section 23.2 of the State Board's regulations provides: "The means of pupil transportation to and from school, whether furnished by school conveyances, private conveyances or common carriers, and contracts and agreements relating thereto, shall be subject to approval by the Department." The School District does not dispute that it did not obtain the Department's approval before implementing its new transportation plan for Propel Charter Schools' students. Rather, the School District contends that it was not required to do so because the Department will essentially

6

retroactively approve (or deny) its transportation plan to provide Propel Charter Schools' students with PAT bus passes when it reimburses (or declines to reimburse) the School District for its transportation costs. We disagree. We interpret Section 23.2 of the State Board's regulations to require that, before a school district may implement a new or altered transportation plan for its students, such as here, the school district must first obtain the Department's approval. As a result, we conclude that the trial court committed an error of law by failing to conclude that the School District violated Section 23.2 of the State Board's regulations by providing Propel Charter Schools' students with PAT bus passes as a means of transportation to their charter schools without first obtaining the Department's approval to do so.

### III. CONCLUSION

Accordingly, we reverse the trial court's order and remand the matter to the trial court for entry of judgment in favor of Appellants consistent with this opinion.

P. KEVIN BROBSON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Betty Bell, an adult individual, and :
Propel Schools, d/b/a Propel Charter :
School - Homestead, Propel Charter :
School - Sunrise, d/b/a Propel Braddock :
Hills, Propel Charter School - Pitcairn, :
and Propel Charter School - Hazelwood, :
                      Appellants :
                               :
            v.                :    No. 1259 C.D. 2019
                               :
Wilkinsburg School District         :

# **O R D E R**

AND NOW, this 19th day of April, 2021, the order of the Court of Common Pleas of Allegheny County (trial court), dated August 23, 2019, is hereby REVERSED, and the matter is REMANDED to the trial court for entry of judgment in favor of Appellants consistent with the attached opinion.

Jurisdiction relinquished.

                                   _____
                                   P. KEVIN BROBSON, Judge